[No. 55-40512-3.    Division Three.    March 27, 1970.]

UNITED STATES FIDELITY & GUARANTY COMPANY, *Respondent*, v. WARREN S. NELSON *et al., Defendants and Cross-complainants*, CHELSEA WOODWARD, JR., *et al., Defendants*, JOHN MEARS *et al., Appellants*.

*Reed, McClure & Moceri, Hugh McClure*, and *Norman L. Winn*, for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann, Frederick V. Betts, Hancock & Kohls*, and *John Hancock*, for respondent.

MUNSON, J.—United States Fidelity & Guaranty Company (USF&G), respondent, brought a declaratory judgment action to determine liability under an automobile insurance policy issued to defendants Nelson. The Nelsons cross-complained against John Mears and E. Workosky and their marital communities, a partnership d/b/a Lund Agency, agents of respondent. Judgment was entered against respondent on its complaint and against Mears and Workosky, cross-defendants. Cross-defendants appeal.

In August 1966, the Nelsons purchased, through the Lund Agency, an insurance policy from respondent, insuring a 1959 Oldsmobile sedan. At that time the Nelsons also owned a 1938 Dodge pickup which was not included in the

policy. On November 8, 1965, the Nelsons traded in the old pickup on a 1956 Dodge pickup and Nelson contends he notified Mears to insure the 1956 pickup the same day. The newly acquired vehicle was not added to the policy as a described vehicle. Mears had authority to bind USF&G orally. The Nelsons further contend that Mears informed each of them on subsequent occasions the vehicle was covered. Respondent denies receiving notification of coverage of the 1956 pickup.

On July 4, 1966, the Nelsons were involved in an automobile accident while operating the 1956 Dodge pickup, wherein Chelsea Woodward and his family sustained personal injuries. Woodward recovered a judgment against Nelson prompting the instant action.

The original cross complaint sought to establish the liability of Mears and Workosky in the event USF&G was not liable under the existing policy. At the close of trial, however, defendants, over appellants' objection, moved to conform their pleadings (cross complaint) to the proof, *i.e.*, change their theory of recovery against Mears and Workosky from one of contingent liability in the event of the non-liability of USF&G to one of joint liability with USF&G based upon the negligence of Mears in failing to notify the company. The court allowed the amendment; the jury returned a verdict in favor of defendants and cross complainants. Judgment was then entered against both USF&G and Mears and Workosky, d/b/a Lund Agency, for the amount of the Woodwards' judgment.

■ It is well established that a jury's verdict must be responsive to the issues of the case under the instructions given. 53 Am. Jur. *Trial* § 1037. Only instruction No. 3, of the five instructions given, informs the jury of the substantive law applicable to the principal issues raised by the evidence:

3.

You are instructed that if you find from the evidence that Warren S. Nelson did orally request John Mears to include the 1956 Dodge Pickup truck owned by Warren

S. Nelson under the policy of liability insurance which Warren S. Nelson carried with United States Fidelity and Guaranty Company and the said John Mears agreed to include said pickup truck in said policy, or if you find that John Mears assured Ardith [sic] Nelson that there was coverage on the pickup, that such an oral contract for insurance would be binding *and the plaintiff, United States Fidelity and Guaranty Company, would be liable under the policy* of insurance that they issued to Warren S. Nelson and liable for payment of the judgment obtained against Warren S. Nelson by Chelsea Woodward, Jr., and Dorothy Woodward and their children, even though the 1956 Dodge Pickup truck was not written in the policy as one of the vehicles being covered by said policy.

(Italics ours.)

There exists no basis in these instructions upon which the liability of Mears and Workosky can be founded. The issue as to their liability was not properly presented to the jury. Instruction No. 2 merely defines the contentions of the parties and is insufficient to apprise the jury of Mears' and Workosky's potential liability. In *Simpson Timber Co. v. Ljutic Indus., Inc.,* 1 Wn. App. 631, 463 P.2d 243 (1969), this court stated the presentation of a party's theory of the case by an issues instruction, without propounding an instruction defining the law applicable, is insufficient to support a jury verdict on that theory.

In this case, no instructions relating to an *agent's liability* for failure to notify his company, nor any instructions relating to negligence, by definition or otherwise, were proposed or given. The lack of such an instruction was noted during the time exceptions to instructions were being taken, with sufficient clarity to put USF&G and defendants' counsel on notice of this oversight. Neither did the court find nor advise the jury that the agents were liable as a matter of law. The issue of the agent's liability was not properly before the jury. The verdict against appellants must be stricken. In view of this holding, the other assignments of error raised by appellants need not be considered.

Judgment against appellants is reversed, while that portion establishing the liability of respondent is affirmed.

EVANS, C. J., and GREEN, J., concur.