Billy J. McKINZIE and wife, Judy McKinzie, Individually and as Next Friend of Stuart McKinzie, a Minor, Plaintiffs-Appellants,

v.

Michael Wayne FLEMING and Star Tool Company, Defendants-Appellees.

No. 78–2209
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 18, 1979.

James K. Edwards, Odessa, Tex., for plaintiffs-appellants.

William R. Moss, Cecil C. Kuhne, Lubbock, Tex., for defendants-appellees.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

This diversity action was instituted by Billy McKinzie and his wife, Judy, individually and as next friend of Stuart McKinzie, a minor, against Michael Wayne Fleming and Star Tool Company for injuries sustained during a collision on May 5, 1976 in Brownfield, Texas.

On May 5, 1976, at 7:00 a. m. appellant Judy McKinzie, with her two children as passengers in her automobile, entered an intersection and hit a truck making a left hand turn into the intersection, after the truck had stopped at a stop sign. Fleming was the driver of the truck and Star Tool Company its owner. Judy and her son Stuart sustained injuries during the accident.

The jury found Judy McKinzie 25 per cent negligent and Michael Fleming 75 per cent negligent. This finding is not under attack. The necessary and reasonable medical expenses and the property damages, which were not before the jury, were stipulated and paid before trial. They were $2,242.72 medical expenses for Judy McKinzie, $167.44 medical expenses for Stuart McKinzie and $3,425 for plaintiffs' automobile. Plaintiffs challenge the jury's answers to questions on the issue of damages. In response to special interrogatories concerning past and future physical pain and mental anguish of Judy McKinzie and her son Stuart, the jury gave the answer "0" to each interrogatory. On the value of Judy's loss of her past and future household services, the jury also answered "0". It is these answers which are the sole basis of this appeal.

■ The general rule is that this Court will not reverse a denial of a motion for new trial which was based on the ground that the jury verdict of damages was inadequate unless there was an abuse of discretion. However, it is the duty of this Court when the evidence furnishes no sound basis for the verdict to reverse a judgment for error of law where the trial court has refused to set the verdict aside. *Givens v. Lederle*, 556 F.2d 1341 (5th Cir. 1977); *Vidrine v. Kansas City Southern Ry. Co.*, 466 F.2d 1217 (5th Cir. 1972); *Rosiello v. Sellman*, 354 F.2d 219 (5th Cir. 1965); *Whiteman v. Pitrie*, 220 F.2d 914 (5th Cir. 1955).

The undisputed evidence shows that Judy and Stuart McKinzie suffered physical pain and mental suffering. In addition, the record reveals that Judy's ability to perform her household work had been impaired. The plaintiffs' subjective complaints are supported by medical opinions, medical records, and opinions by persons who observed plaintiffs after the accident.

The police officer investigating the accident testified that he observed that Mrs. McKinzie and her children were suffering from minor injuries at the time of the accident. Mr. Fleming, the driver of the truck, testified that Judy McKinzie complained of pain in her left arm. The emergency room records reveal that Judy suffered from bruises and abrasions to her right and left knees, her left elbow and right hand. She also had a broken tooth. Stuart's emergency room record reveals that he was vomiting and suffering from a contusion.

Dr. Black, a dentist, testified by deposition read to the jury that he treated Judy McKinzie after the accident for pain in her lower left jaw. He found that she had three abscessed teeth that could have been caused by trauma incurred during the accident. During the period May 20, 1976, to August 26, 1976, Dr. Black performed three root canals on Judy.

Dr. White, a physician who treated Judy McKinzie a week after the accident, also testified by deposition that Judy was suffering from a stiff neck, lower back pain, bruised and painful knees, and numbness and tingling in her left forearm involving her thumb and two fingers. She was treated by physical therapy for two months. His prognosis was that Judy would recover uneventfully from the contusions and bruises

and lumbosacral sprain, but that it would take a while to recover from the numbness in her forearm. When Dr. White saw Judy for the last time on July 19, 1976, he found her numbness to be considerably better. He wanted her to return to the clinic for further treatment, but Judy failed to return. Dr. White stated that he was sure that Judy's pain and injuries were caused by the accident of May 5, 1976.

With respect to Stuart McKinzie's injuries, his mother's testimony along with medical records reveal that he suffered from vomiting and head and knee injuries. Stuart was closely observed and treated with bed rest. He recovered in a few days.

The testimony of Judy and her husband, Billy, corroborated the evidence regarding Judy's injuries. In addition, they testified that Judy's ability to perform her household work had been impaired. Although they did not hire outside help, Billy McKinzie had to perform many of Judy's household tasks. Appellees' argument that the jury had a right to discredit the McKinzie's testimony because they are interested parties is refuted by the overwhelming evidence that supports the conclusion that Judy and Stuart suffered from pain and that Judy was unable to perform her household tasks. Judy had bruises, abrasions, broken teeth, and a swollen jaw. Stuart had head and knee injuries and a contusion with vomiting. These are objective complaints. The numbness in Judy's forearm and her injured knees would have impaired her ability to do work. The jury's finding of no pain and suffering is inconsistent to the types of injuries sustained in this case. *See Dupree v. Blackmon*, 481 S.W.2d 216 (Tex.Civ.App. —Beaumont 1972, writ ref'd n. r. e.); *Bittick v. Ward*, 448 S.W.2d 174 (Tex.Civ.App. —Beaumont 1969, writ ref'd n. r. e.).

Although the jury could have concluded that the injuries were not serious, the fact of injury with some resulting pain and suffering is inescapable. Under Texas law when the undisputed evidence reveals injury with resulting pain and suffering, the jury's answer of "0" damages is considered so against the great weight and preponderance of the evidence to be clearly wrong and manifestly unjust, that reversal is required. *See Bazzano v. Ware*, 530 S.W.2d 650 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.) and cases cited therein.

AFFIRMED as to liability, REVERSED AND REMANDED for a new trial on the issue of damages.