W.A. BURNETT, d/b/a Burnett's Used Cars, Appellant,

v.

LLOYDS OF LONDON and Arkansas Surplus Lines, Inc., Appellees.

No. 83–1176.

United States Court of Appeals, Eighth Circuit.

Submitted June 24, 1983.

Decided June 30, 1983.

---

Felver A. Rowell, Jr., Morrilton, Ark., for appellant.

Laser, Sharp, Haley, Young & Huckabay, Little Rock, Ark., for appellees.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant W.A. Burnett, d/b/a Burnett's Used Cars, brought this action against Lloyds of London[1] (hereinafter Lloyds) to recover under a fire insurance policy issued to him by Lloyds for the loss by fire of his tractor-trailer. As a defense to appellant's claim, Lloyds alleged that the fire which destroyed his property was the result of arson. The district court[2] tried these issues to a jury, which returned a verdict in favor of Lloyds and against appellant. On appeal appellant alleges that the district court erred in refusing to strike the testimony of Lloyds' expert witness and in denying his motion for a new trial. We affirm.

On March 19, 1980, Larry Burnett, appellant's son and employee, used appellant's tractor-trailer to transport several cars to California. Near Henrietta, Oklahoma, a fire broke out causing extensive damage to the tractor-trailer and several of the cars on the trailer. When appellant notified Lloyds of the fire, Lloyds hired Weldon Carmichael, an arson investigator, to determine the cause of the fire. Carmichael testified at trial as an expert witness that in his opinion, based upon his investigation and experience, the fire was of an incendiary origin caused by the ignition of flammable hydrocarbons such as gasoline or kerosene. Carmichael acknowledged that he could not possibly determine who set the fire. He further testified that in the course of his investigation he interviewed appellant's son, who told him that he was alone when the fire started. At the conclusion of Car-

michael's testimony, counsel for appellant moved the district court to strike his entire testimony because Carmichael had not connected appellant in any way to the allegedly intentional burning. The trial court denied the motion, explaining that the jury had a right to consider Carmichael's testimony and could derive from it any reasonable inferences. We agree.

An insured's willful burning of his property is an absolute defense to an action upon a fire insurance policy. *See Orient Insurance Co. v. Cox*, 218 Ark. 804, 238 S.W.2d 757, 759 (1959). Consequently, the insurer must prove by a preponderance of the evidence that the insured burned his property or conspired with others to have it burned. *MFA Mutual Insurance Co. v. Pearrow*, 245 Ark. 795, 434 S.W.2d 269, 272–73 (1968). Carmichael's testimony in the case at bar provided direct evidence that the fire was due to arson rather than an accident. Nevertheless, Carmichael's admission that he could not identify the arsonist, coupled with his recounting of Larry Burnett's statement that he was alone when the fire began, made it necessary for Lloyds to present other evidence connecting appellant to the fire. Whether Lloyds succeeded in this task was for the jury's determination, but the trial court did not err in permitting the jury to consider Carmichael's testimony regarding the nature and source of the fire.

Appellant's contention that the trial court erred in denying his motion for a new trial because the jury's verdict was contrary to the weight of the evidence is without merit. "A motion for new trial on the ground that the verdict is against the weight of the evidence is addressed to the sound discretion of the court.... Ordinarily, no error can be predicated upon the denial of such a motion for new trial."

1. Appellant, an Arkansas resident whose principal place of business was Arkansas, initially instituted this suit in an Arkansas state court against Lloyds of London, a British corporation, and Arkansas Surplus Lines, Inc., an Arkansas corporation. Lloyds of London removed the action to federal district court and

by agreement of the parties, the federal action against Arkansas Surplus Lines, Inc., was dismissed.

2. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

*Minnesota Mutual Life Insurance Co. v. Wright,* 312 F.2d 655, 659–60 (8th Cir.1963). A new trial motion will be reviewed only upon a clear showing of abuse of discretion. *Powers v. Continental Casualty Co.,* 301 F.2d 386, 390 (8th Cir.1962). Appellant has failed to demonstrate any abuse of discretion by the trial court in denying his motion for a new trial.

For the reasons discussed above, the judgment of the district court is affirmed.