[No. 6787–1–II. Division Two. August 27, 1985.]

ST. PAUL MERCURY INSURANCE COMPANY, *Respondent,*
v. GEORGE SALOVICH, ET AL, *Appellants.*

*Odine Husemoen* and *Walstead, Mertsching, Husemoen, Donaldson & Barlow,* for appellants.

*Douglas F. Foley, R. Daniel Lindahl,* and *Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak,* for respondent.

PETRICH, J.—Defendants George Salovich and his wife, Doris, d/b/a Cowlitz Electric and Plumbing Supply, appeal the trial court's judgment in favor of plaintiff, St. Paul Mercury Insurance Company (St. Paul), which denied coverage under a fire insurance policy based upon the jury's determination that the defendants intentionally misrepresented or concealed material facts in their proof of loss claim. Defendants contend the court erred by instructing that St. Paul's burden of proving misrepresentation or concealment of material facts was by a preponderance of the evidence rather than by clear, cogent, and convincing evidence. They also contend that the court erred by failing to define and instruct as to the substantive law relating to "misrepresentation" or "concealment" of "material facts" upon which denial of coverage can be based; and there was insufficient evidence to support the jury's determination that they breached the insurance contract in this regard. We affirm.

Defendant George Salovich operated a business known as Cowlitz Electric and Plumbing in Longview for a number of years. On April 6, 1981, a fire occurred at that business. Subsequent investigations by the Longview Fire Depart-

ment, Washington State Fire Marshal, and independent investigators classified the cause of the fire as arson. An insurance policy issued by St. Paul covered defendants' building and its contents. The maximum policy limits under the contract were $134,000 for the building and $12,000 for the contents. A provision in the insurance contract provided:

> This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

St. Paul's independent investigation of the fire indicated that defendants had an opportunity to set the fire, and a motive because of financial difficulties. Further, the proof of loss statement submitted by defendants claimed losses in the amount of $129,106.36 to the building and $22,922 for the contents, although only the $12,000 policy limit for the contents was sought. However, 3 weeks before the fire, in his affidavit to the county assessor for the purpose of establishing values for the personal property assessment, defendant, George Salovich, swore that the value of the personal property amounted to only $1,580. St. Paul's investigation of the loss indicated that the actual loss to the building amounted to $35,917 and that the total contents in the building were valued at only $1,580.

As a result of St. Paul's investigation of defendants' claim for coverage, it commenced a declaratory judgment action to establish that the claim was barred upon two grounds: (1) that defendants had intentionally caused the fire; and (2) that defendants breached the contract by making material misrepresentations or concealing material facts concerning the origin and cause of the fire, and "the extent of the loss suffered." Defendants answered and counterclaimed that the insurer had acted in bad faith. In answers to interrogatories, the jury stated that defendants (1) did not "set or cause to be set the fire which occurred

April 6, 1981."; and (2) did "intentionally misrepresent or conceal material facts concerning the substance of their claim." The jury also determined that the damage to the building was $35,917.17 and the damage to the contents was $1,580. The court denied defendants' motions for new trial, amendments of verdict and judgment notwithstanding the verdict, and granted St. Paul judgment upon the verdict, which absolved it of any liability under the contract.

On appeal, defendants first contend that the trial court erred by instructing that St. Paul need only prove misrepresentation or concealment of material facts in the claim for coverage by "a preponderance of the evidence," rather than by "clear, cogent, and convincing evidence."[1] They argue that the basis for voiding an insurance contract for intentionally misrepresenting or concealing material facts in a claim for coverage is founded in actionable fraud, which requires proof of the nine essential elements of fraud by clear, cogent, and convincing evidence, citing *Sigman v. Stevens–Norton, Inc.,* 70 Wn.2d 915, 425 P.2d 891 (1967); *Marr v. Cook,* 51 Wn.2d 338, 318 P.2d 613 (1957); *Webster v. L. Romano Eng'g Corp.,* 178 Wash. 118, 34 P.2d 428 (1934). We disagree.

---

[1]The trial court gave the following instruction:

"The Plaintiff has the burden of proving, by a preponderance of the evidence, either:

"1. That the Defendants, or someone on their behalf, intentionally caused the fire; or

"2. That the Defendants, or either of them, intentionally misrepresented or concealed material facts concerning the substance of their claim.

"That if either of the above is true, the Plaintiff owes to Defendants nothing under this policy.

"The Defendants have the burden of proving, by a preponderance of the evidence:

"1. The amount of property damage and contents damage suffered in the fire, as covered by the insurance contract.

"2. Whether the Plaintiff acted or failed to act in either or both of the following ways claimed by the Defendants:

"a. By breaching its duty of good faith and fair dealing, or

"b. By failing to promptly investigate or settle the claim of Defendants.

"3. The actual damages, if any, proximately caused by such conduct of Plaintiff as you may find to have occurred under Paragraph 2a or 2b above."

The cases cited by defendants in support of this contention deal either with pure fraud (tort) cases, or with cases pertaining to misrepresentations in the *application* for insurance and not in the submission of proof of loss statements. *See Kay v. Occidental Life Ins. Co.*, 28 Wn.2d 300, 183 P.2d 181 (1947), and the cases cited therein. The cases pertaining to claimed misrepresentations in the application for insurance generally hold that liability of an insurance company cannot be avoided on the grounds of misrepresentation unless it appears that false statements were knowingly made in the application for the policy and that, in making them, the applicant had an intent to deceive the company. *See Kay v. Occidental Life Ins. Co., supra; Wilburn v. Pioneer Mut. Life Ins. Co.*, 8 Wn. App. 616, 620, 508 P.2d 632 (1973); RCW 48.18.090(2). The implication from these cases is that actionable fraud in the application for insurance must be established before the insurance company can void the policy and escape liability. *See Wilburn*, 8 Wn. App. at 620.

■ However, courts from other jurisdictions have distinguished between cases involving misrepresentations to induce the execution of an insurance contract, in which fraud must be established and cases involving misrepresentations in a claim for coverage under the contract, in which fraud need not be established. While direct proof of misrepresentation by the insured in an insurance claim is seldom available, and the insurer often has no choice but to rely on the words of the insured in ascertaining the facts involving a loss,[2] the insurer need not establish reliance, an essential element of fraud, in order to deny coverage for such misrepresentation. *See, e.g., Chaachou v. American Cent. Ins. Co.*, 241 F.2d 889, 892–94 (5th Cir. 1957). The contract does not provide that only successful misrepresen-

---

[2] "By the very nature of things the insurance company is obliged to look to the insured for the ascertainment of the actual loss sustained and hence, it is required of the insured that he, under the penalty of forfeiture of his right to enforce the contract, faithfully and truly answer questions touching the amount of the loss." *Herron v. Millers Nat'l Ins. Co.*, 185 F. Supp. 851, 854 (D. Or. 1960).

tations or concealments shall vitiate the contract.

> [I]f the law out of some misgivings about forfeitures, were to require that the insurer demonstrate that it had been misled to its prejudice by the fraud, the policy provision would both be virtually worthless and put a premium on dishonest dealings by the assured.

*Chaachou v. American Cent. Ins. Co.*, 241 F.2d at 892.

Further, although this particular issue has not yet been addressed in this state, the majority of courts which have considered it, as well as the leading commentators, agree that a "preponderance of the evidence," rather than "clear, cogent, and convincing," is the proper burden of proof. *See Burnett v. Lloyds of London*, 710 F.2d 488, 489 (8th Cir. 1983); *First Nat'l Bank v. Insurance Co. of North Am.*, 424 F.2d 312, 317–18 (7th Cir. 1970); *Esquire Restaurant, Inc. v. Commonwealth Ins. Co.*, 393 F.2d 111 (7th Cir. 1968); *Transportation Ins. Co. v. Hamilton*, 316 F.2d 294, 296 (10th Cir. 1963); *Stein v. Girard Ins. Co.*, 259 F.2d 764, 766 (7th Cir. 1958); *Chaachou v. American Cent. Ins. Co., supra*; 22A J. Appleman, *Insurance* § 14062, at 132 (1979); 7 G. Couch, *Insurance* § 35:117, at 136 (2d ed. 1961).

Finally, defendants' contention that the burden of proof of "clear, cogent, and convincing evidence" should apply in this case cannot be squared with prior cases from this state dealing with similar issues. In *Great Am. Ins. Co. v. K & W Log, Inc.*, 22 Wn. App. 468, 472, 591 P.2d 457 (1979), we specifically held that the defense of arson to a claim under a fire insurance contract is controlled by the "preponderance of the evidence" standard rather than the "clear and convincing evidence" standard. In so doing, we relied upon *Bruff v. Northwestern Mut. Fire Ass'n*, 59 Wash. 125, 109 P. 280 (1910), in which the Supreme Court rejected an insured's contention that a defense of incendiarism must be established beyond a reasonable doubt and, joining the majority of courts, adopted the "fair preponderance of the evidence" test. *Great Am. Ins. Co. v. K & W Log, Inc.*, 22 Wn. App. at 472. Thus, because the preponderance standard applies in cases of breach of an insurance contract by

arson, we conclude that the same burden applies in a case alleging breach of an insurance contract by misrepresentation or concealment of material facts in the claim for coverage. Any contrary result would create an illogical and impractical inconsistency, imposing two different burdens of proof in cases such as this where the insurer raises both a claim of arson and misrepresentation or concealment in the same lawsuit.

■ Defendants contend next that the court erred by failing to define for the jury the terms "misrepresentations," "concealment," and "material facts," and failing to instruct as to the substantive law upon which a denial of coverage for intentional misrepresentation or concealment of material facts can be based. *See United States Fid. & Guar. Co. v. Nelson,* 2 Wn. App. 186, 467 P.2d 317 (1970). We need not address the merits of this contention, however, because defendants failed to except to the court's instructions on these grounds and to propose proper instructions.[3] The failure to except to the court's instructions or to apprise the court of the specific grounds, theories, or points of law on which any exception is made will preclude consideration of the issue on appeal. *Caruso v. Local 690, Int'l Bhd. of Teamsters,* 33 Wn. App. 201, 653 P.2d 638 (1982), *rev'd on other grounds,* 100 Wn.2d 343, 670 P.2d 240 (1983). Further, a party who is entitled to an instruction on a particular issue has the duty of providing the court with a proposed instruction which, without revision or correction, accurately states the applicable law and is based on the evidence in the case. *Harris v. Groth,* 99 Wn.2d 438, 447–48, 663 P.2d 113 (1983). We disagree that St. Paul's failure to identify in response to an interrogatory that it was relying upon defendants' proof of loss statement to establish misrepresentation excused defendants of their duty to except to the court's instructions or to propose

---

[3]*See Chaachou v. American Cent. Ins. Co.,* 241 F.2d at 891 n.2, for an example of substantive law instructions covering these issues. *See also* Appleman §§ 14051–14068.

proper instructions on this issue. The record establishes that the trial court clearly apprised defendants that it was submitting the issue to the jury because of the evidence concerning misrepresentations in the proof of loss statement. Moreover, St. Paul's complaint clearly alleged that the contract was nullified because of defendants' misrepresentation as to "the extent of the loss suffered." Thus, we hold that defendants failed to properly preserve this issue for appeal and, accordingly, we decline to decide it on the merits.

Defendants' final contention is that assuming intentional misrepresentations were made in the proof of loss statement, such misrepresentations are not, as a matter of law, sufficient to void the policy. They argue that because the insurance contract contains a provision for resolving disputes between the insured and insurer regarding appraisals of the insured's loss, and because St. Paul conducted an independent appraisal, St. Paul did not rely upon and was not damaged by any false statements that defendants may have made. They further argue that because their appraisal of the extent of loss was made by an independent appraiser hired by them, the evidence preponderates against a finding that they made false statements concerning the extent of the loss. We disagree.

 Even though the contract provides for resolving disputes in appraisals, such a provision does not protect the insurance company against false statements as to the contents that may have burned in the fire. Further, as we stated above, an insurer need not establish that it relied to its prejudice upon the false statements in the claim for coverage in order to establish a breach of the contract and void the policy.

Finally, the jury found that the evidence preponderates for, rather than against, a finding that defendants misrepresented material facts in the proof of loss statement. The jury returned a verdict that defendants "intentionally misrepresented or concealed material facts concerning the substance of their claim." In response to an advisory

interrogatory on the verdict form, the jury determined that the amount of property damage was $35,917.17 on the building and $1,580 on the contents, the exact amounts that St. Paul's evidence showed would be due defendants if there was coverage under the policy. Defendants' claim, however, was for $129,106.36 on the building, nearly four times greater than the jury verdict, and $22,922 for the contents, nearly 15 times greater than the jury verdict. The evidence also established that notwithstanding defendants' $22,922 claim for the building's contents, 3 weeks before the loss defendant, George Salovich, had signed an affidavit that the value of his personal property was $1,580. This evidence is sufficient to support the jury's determination that defendants intentionally misrepresented or concealed material facts concerning the substance of their claim. As previously noted, such a finding is sufficient to void the contract. *See* Appleman, *supra*; Couch, *supra*. Thus, we hold that the trial court did not err in granting judgment to St. Paul based upon the jury's determinations.

Judgment affirmed.

REED, A.C.J., and ALEXANDER, J., concur.

Reconsideration denied October 4, 1985.

Review denied by Supreme Court December 6, 1985.