**Gray EVANS, Plaintiff-Appellant,**

v.

**H.C. WATKINS MEMORIAL HOSPITAL, INC., and Violet Smith, Defendants-Appellees.**

No. 85–4192
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1985.

Mr. Peter K. Smith, Quitman, Miss., William S. Lawson, Tupelo, Miss., Thomas J. Lowe, Jr., Jackson, Miss., for plaintiff-appellant.

Walter W. Eppes, Jr., Meridian, Miss., for defendants-appellees.

Before GEE, RANDALL and W. EUGENE DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge.

Appellant Evans appeals the denial of his motion for new trial from a judgment entered on a $20,000 jury verdict in a diversity case on grounds that the award is inadequate. We reverse and remand for a new trial.

I.

Mrs. Nettie D. Evans, an eighty-nine-year-old-woman, was a patient in Watkins Memorial Hospital in Quitman County, Mississippi, undergoing treatment for herpes zoster (shingles). On February 6, 1980, sometime after 11:00 p.m., while a nurse was assisting her to the bathroom, Mrs. Evans fell and broke her hip. Mrs. Evans filed this action against the defendant hospital contending that substandard nursing care caused her to fall. Mrs. Evans died approximately four years after her accident (but before the trial), and her son, the succession representative, was substituted as plaintiff. The Alabama Medicaid agency intervened in the suit to recover $24,969.77 in medical expenses that had been paid for Mrs. Evans' treatment. The jury was aware that some of the medical expenses had been paid by outside sources. The district judge instructed the jury that if it found Mrs. Evans contributorily negligent, it should reduce any amount of damages awarded to her by the percentage of her fault. The judge also instructed the jury that it should consider the medical expenses of Mrs. Evans without reference to

the fact that a portion of the expenses were paid by some collateral source. After the jury retired, they sent the following note to the district judge: "We would like to know the unpaid bal. *hospital* and etc." The judge sent the note back with the following notation: "You have all the instructions necessary to decide the case." The jury then returned a general verdict in favor of the plaintiff for $20,000.

The appellant now argues on appeal that a new trial on damages should be granted because the jury, in awarding damages, misunderstood the charge and took into consideration the $24,969.77 paid by Medicaid. Appellant also contends that the award is inadequate as a matter of law and the evidence was inadequate to support a finding that Mrs. Evans was negligent.

## II.

 Because of the deference due the jury's factual findings, all reasonable efforts should be made to uphold its verdict. *Martin v. Gulf States Utilities Co.*, 344 F.2d 34 (5th Cir.1965). We therefore review the facts in a light favorable to the jury verdict. *Shipp v. General Motors Corp.*, 750 F.2d 418 (5th Cir.1985).

From the testimony of Ms. Sellers, the attending nurse and other defense witnesses, the jury was entitled to find that before the accident Mrs. Evans was mentally alert. Ms. Sellers responded to Mrs. Evans' call for assistance to the bathroom. As they walked toward the bathroom with Ms. Sellers partially supporting Mrs. Evans, Mrs. Evans involuntarily urinated on the floor. Both women slipped on the wet floor and Mrs. Evans fell on top of Ms. Sellers.

After the fall, Mrs. Evans underwent surgery twice. Once to implant a stainless steel ball in her hip and a second, to remove the ball because her bones were not strong enough to hold it in place. Following her injury Mrs. Evans never regained the ability to walk and was confined to a nursing home until her death four years later. Her medical expenses incurred as a result of the fall totalled over $69,000. If the jury intended to award only $10,000 for pain and suffering—which may be inadequate considering the severity of the injuries—plaintiff's total damages amount to approximately $80,000. Under this assumption, the only basis for upholding this verdict is if the record supports a finding that Mrs. Evans was 75% contributorily negligent. Viewing the facts in a light most favorable to the jury verdict, we conclude that the record cannot support such a finding and the trial court abused its discretion in denying appellant's motion for new trial. *McKinzie v. Fleming*, 588 F.2d 165 (5th Cir.1979). Accordingly, the judgment is reversed and the case is remanded for a new trial.

REVERSED and REMANDED.