Arnold GREEN, Appellant,

v.

AMERICAN AIRLINES, INC., Appellee.

No. 85–2376.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1986.
Decided Oct. 29, 1986.

Bernard J. Coogan, Bridgeton, Mo., for appellant.

Samuel B. Murphy, Jr., St. Louis, Mo., for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and FAIRCHILD,* Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Arnold Green brought this diversity action against American Airlines claiming that its employees improperly failed to discover and provide medical attention for the stroke Green suffered during a flight from Honolulu to Dallas. Green appeals from an adverse jury verdict. He argues that the verdict is against the weight of the evidence, and that the district court erred in excluding evidence relating to medical kits and in-flight medical emergencies, evidence that there were doctors aboard the aircraft, and the testimony of an emergency room expert. He also argues that the district court erred in refusing an instruction on punitive damages and in excluding deposition testimony of diminished earning capacity. We affirm the judgment of the district court.[1]

Green was a passenger on an American Airlines flight from Honolulu to Dallas. After being served two drinks before dinner and one after dinner, he became sick and vomited while still at his seat. The flight attendants attempted to talk to him, but he was unable to speak and simply nodded in reaction to their conversation. Green tried to walk to the lavatory but collapsed in the aisle. One of the flight attendants then took him to the lavatory, seated him on the toilet, and locked the door. Green remained there throughout the rest of the trip which, including the landing, lasted about three to four hours. When the flight landed at Dallas, Green had a dangerously low blood pressure level, and the paramedics suspected that he had sustained a stroke. This proved to be true and he claims to have suffered permanent injury as a result.

The jury was instructed that it must find for Green if it found that, first, American Airlines knew or had reason to know that Green was ill and in need of medical attention and thereafter failed to administer first aid which would have been reasonable under the circumstances until medical treatment could be obtained and, second, that American Airlines was thereby negligent and that such negligence directly caused or directly contributed to cause damage to Green which he otherwise would not have sustained. The jury found in favor of American Airlines.

I.

Green argues that the district court erred in denying his motion for new trial because the jury verdict was against the weight of the evidence. We have had frequent occasions to consider such arguments. We have recognized that the argument is one particularly committed to the sound discretion of the trial court in a motion for new trial under Rule 59 of the Federal Rules of Civil Procedure. *SCNO Barge Lines, Inc. v. Anderson Clayton & Co.*, 745 F.2d 1188, 1193 (8th Cir.1984); *Kelley v. Crunk*, 713 F.2d 426, 427 (8th Cir.1983); *Burnett v. Lloyds of London*, 710 F.2d 488, 489–90 (8th Cir.1983); *see also Rey v. City of Fredericktown*, 729 F.2d 1171, 1174 (8th Cir.1984). We have frequently stated that we will reverse only

---

* The HONORABLE THOMAS E. FAIRCHILD, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. The Honorable John K. Regan, Senior United States District Judge for the Eastern District of Missouri.

upon a clear showing of abuse of discretion. *Rey*, 729 F.2d at 1174; *Dabney v. Montgomery Ward & Co.*, 761 F.2d 494, 500 (8th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985).

On numerous occasions, however, we have explicitly stated that, ordinarily, no error can be predicated upon the denial of a motion for a new trial. *Minnesota Mutual Life Insurance Co. v. Wright*, 312 F.2d 655, 660 (8th Cir.1963); *Glawe v. Rulon*, 284 F.2d 495, 498 (8th Cir.1960); *see also SNCO Barge Lines, Inc. v. Anderson Clayton & Co.*, 745 F.2d at 1193; *Bond v. IMFS, Inc.*, 727 F.2d 770, 771 (8th Cir. 1984). In *Kelley v. Crunk*, we pointed to the serious seventh amendment questions that arise when an appellate court reverses a trial court's denial of a new trial on the ground that the verdict is against the weight of the evidence. 713 F.2d at 427. In *SCNO Barge Lines*, we seriously questioned whether abuse of discretion would justify reversal of a denial of such a motion. 745 F.2d at 1194; *see also Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 906 (8th Cir.1985). In view of the frequency with which these arguments are presented, a few further comments are appropriate.

Commentators have pointed to the difficulty in reconciling the seventh amendment mandate that "no fact tried by a jury, shall be * * * reexamined [other] than according to the rules of the common law," U.S. Const. amend. VII, with the authority of an appellate court, whose members were not present at trial, to dismiss a jury's findings as against the weight of the evidence. *See, e.g.*, 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2819, at 123 (1973); *see also* Wright, *The Doubtful Omniscience of Appellate Courts*, 41 Minn.L. Rev. 751, 758–64 (1957). Such action would engage us in the weighing process that is properly within the province of the district court.

Our concern with our constitutional authority to reverse a trial court's denial of a new trial motion on these grounds is evidenced by the fact that despite our articulation of an abuse of discretion standard, we have found no cases, and none have been cited to us, in which this court has reversed a trial court's denial of a new trial motion because the verdict was against the weight of the evidence. The general rule that we reverse only for abuse of discretion may well be limited by our holdings to orders granting new trials.[2] Reversals of a trial court's denial of a new trial motion have been almost nonexistent in other circuits as well. Professors Wright and Miller point to only a few cases, all in the Fifth Circuit, in which a jury's denial of damages was found to be without factual support in the record and the denial of a new trial to be an abuse of discretion.[3] The Second Circuit, however, has denied that it has the power to set aside a trial judge's determination that the verdict was not against the weight of the evidence.[4]

■ We need not pursue the constitutional argument at great length because

---

**2.** On rare occasions we have found an abuse of discretion and reversed the order of the district court *granting* a new trial. *See Fireman's Fund Insurance Co. v. Aalco Wrecking Co.*, 466 F.2d 179, 187–88 (8th Cir.1972), *cert. denied*, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973); *see also Goldsmith v. Diamond Shamrock Corp.*, 767 F.2d 411, 416 (8th Cir.1985) (district court's abbreviated analysis indicated that it did not engage in appropriate balancing or find miscarriage of justice as required by *Fireman's Fund*). We do not believe such a reversal to be constitutionally problematic, however, because appellate review of a grant of a new trial protects the role of the jury. *Fireman's Fund*, 466 F.2d at 187. See generally Wright & Miller, *supra* at

125–26; 6A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 59.08[5] (2d ed. 1986).

**3.** *See, e.g., Franks v. Associated Air Center, Inc.*, 663 F.2d 583 (5th Cir.1981); *McKinzie v. Fleming*, 588 F.2d 165 (5th Cir.1979).

**4.** *Portman v. American Home Products Corp.*, 201 F.2d 847, 848 (2d Cir.1953) (Judge Learned Hand wrote: "There may be errors that are not reviewable at all, and among those that are not are erroneous orders granting or denying motions to set aside verdicts on the ground that they are against the weight of the evidence.")

we simply find no abuse of discretion in the denial of the motion in this case. We make these comments, however, so that when appellants argue that the verdict was against the weight of the evidence and the district court abused its discretion in denying a motion for new trial on this ground, they will be fully prepared to take up the second issue, that of our constitutional authority to reverse such an order.

## II.

■ Green argues that the district court improperly excluded evidence regarding medical kits and in-flight medical emergencies, and expert testimony of an emergency room physician concerning in-flight medical emergencies. Green also complains that the district court erroneously excluded evidence that there were doctors aboard the aircraft who could have treated him.

The decision to admit or exclude such evidence is within the sound discretion of the trial court. We may reverse only when there has been an abuse of discretion. *United States v. Vik*, 655 F.2d 878, 880 (8th Cir.1981). We find no such abuse in this case.

## III.

■ Green also argues that the trial court erred in refusing to give a punitive damage instruction and in excluding testimony on his diminished earning capacity. Under the "harmless error" rule, any error by the trial court must be disregarded unless it affects the "substantial rights of the parties." Fed.R.Civ.P. 61; 28 U.S.C. § 2111 (1982). Here, both issues concern the measure of Green's damage award. Because the jury returned a verdict for American Airlines, the damage issue was not reached, and any error in instructions or evidence relating to damages was harmless. *See Hrzenak v. White-Westinghouse Appliance Co.*, 682 F.2d 714, 720 (8th Cir. 1982) (any error in content of punitive damage instruction harmless because jury found defendant not liable). The arguments are without merit.

The judgment is affirmed.