**Catherine D. FLUCKEY, Administrator of Estate of Joseph Fluckey, Deceased, Appellant,**

v.

**CHICAGO & NORTHWESTERN TRANSPORTATION COMPANY, Appellee.**

**No. 87–1677.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1987.

Decided Feb. 3, 1988.

Mark H. Goodrich, Des Moines, Iowa, for appellant.

Brent B. Green, Des Moines, Iowa, for appellee.

Before ARNOLD, FAGG, Circuit Judges, and LARSON,* Senior District Judge.

FAGG, Circuit Judge.

In this wrongful death action, Catherine D. Fluckey, personal representative of her deceased husband, appeals from the district court's judgment entered on a jury verdict in favor of Chicago and Northwestern Transportation Company. We affirm.

The decedent was killed when his car was struck by an oncoming train as he drove over a railroad crossing. The crossing was located on a highway and was marked by several flashing signals. Fluckey sued the railroad, claiming the railroad's negligence caused her husband's death. Although the jury determined the railroad was negligent, the jury found this negli-

gence did not proximately cause the decedent's death.

■ On appeal Fluckey argues the district court committed error when the court refused to submit her claim the lenses in the crossing signals were too small to alert her husband, when the court restricted her cross-examination of the railroad's expert witness, and when the court refused to instruct the jury on the issue of punitive damages. We disagree.

With regard to Fluckey's first contention, the district court indicated the evidence was not sufficient to submit the lens issue to the jury. We agree. Fluckey failed to produce substantial evidence that the failure to install larger lenses in the crossing signals proximately caused decedent's accident and death. Thus, we conclude the court did not commit error when it refused to submit this issue to the jury. *See Gander v. Mr. Steak of Sun Ray, Inc.,* 774 F.2d 920, 924 (8th Cir.1985) (court should instruct only on issues that are supported by the evidence).

■ Fluckey next contends the district court improperly restricted her cross-examination of the railroad's expert witness. After the railroad objected, the court refused to allow Fluckey to ask a hypothetical question that was based on the assumption the lenses in the signals were misaimed. A hypothetical question "should include only such facts as are supported by the evidence." *Iconco v. Jensen Constr. Co.,* 622 F.2d 1291, 1301 (8th Cir.1980). Based on the record evidence in this case, we conclude the district court did not abuse its discretion in refusing to allow Fluckey's question in cross-examination.

■ Finally, Fluckey argues the district court committed error when it failed to instruct the jury on punitive damages. In light of the jury verdict in favor of the railroad, Fluckey's contention here is without merit. "[T]he damage issue was not reached, and any error in instructions * * * relating to damages was harmless."

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

*Green v. American Airlines, Inc.,* 804
F.2d 453, 456 (8th Cir.1986).

Accordingly, we affirm.