901 F.2d 1484
 John CZAJKA, Appellant,
v.
Dr. Lee Roy BLACK, Director; Donald Wyrick; Bill
Armontrout; Donald Cabana; Robert Acree; Clarence Durham;
James Eberle; Donald Beckley; George Adams; Thomas
Davis; Richard Francks; Manuel Clark; Michael Cram, Appellees,
Mike LOZANO, Appellant,
v.
Officer DURHAM; Officer Eberle Bays; Officer Beckley;
Officer Adams; Officer Derixon; Officer Davis;
Officer Francks; Officer Clark Chilton;
Officer Cram; Eberle;
Clark, Appellees.
 No. 87-2548.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 17, 1989.
Decided May 2, 1990.
 
 Jeanene Moenckmeier, St. Louis, Mo., for appellants.
 Gary L. Gardner, Jefferson City, Mo., for appellees.
 Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 John Czajka and Mike Lozano jointly appeal[1] both from a district court[2] order denying their motion for new trial and adverse jury verdicts in their actions brought under 42 U.S.C. Sec. 1983 (1982). In their suits, they allege that during, and shortly after, a disturbance at the Missouri State Penitentiary, various corrections officers violated their eighth and fourteenth amendment rights to be free from cruel and unusual punishment. After the jury returned a verdict for the defendants, Czajka and Lozano moved jointly for a new trial under Federal Rule of Civil Procedure 59(a), which was denied by the district court. They argue on appeal that: (1) the district court abused its discretion by denying their motion for a new trial because the jury's verdict was against the weight of the evidence; and (2) their right to a fair trial was prejudiced by the district court's excessive intervention in the trial, which constituted plain error. We affirm the judgment of the district court.
 
 I.
 
 2
 Appellants advance several arguments for reversing the district court's denial of their motion for a new trial. These arguments are all premised upon their assertion that the jury's verdicts in this case were against the weight of the evidence. We see no reason to set out the evidence in detail. "Generally, motions for a new trial are committed to the discretion of the district court." McDonough Power Equip. v. Greenwood, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984).
 
 
 3
 Appellants have made no effort to address our concerns, expressed in Green v. American Airlines, 804 F.2d 453, 455 (8th Cir.1986), as to whether, in light of the seventh amendment, we have the power to reverse a district court's decision to deny a motion for a new trial based on weight of the evidence grounds. See Kelley v. Crunk, 713 F.2d 426, 427 (8th Cir.1983) (per curiam); see also Daley v. Webb, 885 F.2d 486, 489 (8th Cir.1989) (noting that even if the court below had denied the appellant's motion for a new trial, "we of course would apply a highly deferential standard of review, and perhaps should not review the District Court's ruling at all"). Cf. Browning-Ferris Indus. v. Kelco Disposal, --- U.S. ----, 109 S.Ct. 2909, 2922 n. 25, 106 L.Ed.2d 219 (1989) ("We have never held expressly that the Seventh Amendment allows appellate review of a district court's denial of a motion to set aside an award as excessive."); Wright, The Doubtful Omniscience of Appellate Courts, 41 Minn.L.Rev. 751, 758-64 (1957).
 
 
 4
 Regardless of these concerns, it is well-established "that the denial of a motion for a new trial asserting that the jury's verdict is against the weight of the evidence is 'virtually unassailable on appeal,' and is reviewed only for a showing of a clear abuse of discretion." Crowley Bev. Co. v. Miller Brewing Co., 862 F.2d 688, 690 (8th Cir.1988) (quoting Grogg v. Missouri Pac. R.R., 841 F.2d 210, 214 (8th Cir.1988)); see Daley, 885 F.2d at 488-89; see also Green, 804 F.2d at 455 (noting that "ordinarily, no error can be predicated upon the denial of a motion for a new trial"); 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2818, at 116 (1973) (stating that "[o]rdinarily an order denying a motion for a new trial is not appealable as such").
 
 
 5
 As we observed in Green, the abuse of discretion standard has been applied in our circuit only to orders granting new trials. See 804 F.2d at 455. To support their position, appellants primarily rely on cases from the Fifth Circuit holding that a district court's denial of a motion for a new trial was an abuse of discretion where the jury's denial of damages was without factual support. See Jones v. Wal-Mart Stores, 870 F.2d 982, 986 (5th Cir.1989); Franks v. Associated Air Center, 663 F.2d 583, 591-92 (5th Cir.1981) (per curiam); McKinzie v. Fleming, 588 F.2d 165, 167 (5th Cir.1979) (per curiam). These cases are all distinguishable for the reasons we set forth in Green, 804 F.2d at 455, and we need not discuss them here. Suffice it to say, the record in this case does not cause us to conclude that the district court abused its discretion in denying the motions for new trial.
 
 II.
 
 6
 Appellants also argue that the district court committed plain error by excessively intervening in their trial, thereby prejudicing their right to a fair trial, because the court "projected to the jury an appearance of advocacy and partiality and thereby limited the effectiveness of interrogation and cross-examination." (Appellants' Brief at 21). They argue specifically that the court committed numerous errors in questioning witnesses, interrupting direct and cross-examination, commenting on evidence, interpreting witnesses' testimony, expediting the case, and coaching witnesses.
 
 
 7
 "In order to reverse on grounds of excessive judicial intervention, the record must either 'disclose actual bias on the part of the trial judge [or] leave the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality.' " Warner v. Transamerica Ins. Co., 739 F.2d 1347, 1351 (8th Cir.1984) (quoting United States v. Singer, 687 F.2d 1135, 1141 n. 10 (8th Cir.1982), rev'd on rehearing, 710 F.2d 431 (8th Cir.1983) (en banc)); accord Harris v. Steelweld Equip. Co., 869 F.2d 396, 401 (8th Cir.1989). Furthermore, we recognize that although "[a] trial judge should never assume the role of advocate, and must preserve an attitude of impartiality in the conduct of a trial," Warner, 739 F.2d at 1351 (citations omitted), "a trial judge may question witnesses or comment on the evidence," id. "A federal judge is more than a 'mere moderator' or umpire in the proceedings and he may take an active role in conducting the trial and developing the evidence." Id. In light of these principles, and from our study of the record, we are satisfied that the district court did not display bias, advocacy, or partiality during appellants' trial, and accordingly committed no error.
 
 III.
 
 8
 We affirm the judgment of the district court.
 
 
 
 [1]
 Czajka and Lozano filed separate claims below, which were consolidated for trial purposes. Following the district court's judgment, they filed a joint appeal to this court
 
 
 [2]
 The Honorable Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri