Raymond W. ASWEGAN,
Plaintiff–Appellee,

v.

Captain BRUHL; Lieutenant Birdsell; c/o Gary Rea; c/o Roush; Lieutenant Bowden; Roger Lawson; Charlie Harper; Defendants,

John Emmett; John C. Henry,
Defendants–Appellants.

No. 91–1754.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1992.

Decided June 4, 1992.

---

Suzie Ann Berregaard Thomas, Asst. Atty. Gen., Des Moines, Iowa, argued, for defendants-appellants.

H. Richard Smith, Des Moines, Iowa, argued (R. Mark Cory, on the brief), for plaintiff-appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

John Emmett, Security Director of the Iowa State Penitentiary in Fort Madison, Iowa, and John Henry, Deputy Warden, appeal from a judgment entered in favor of Raymond Aswegan in his 42 U.S.C. § 1983 (1988) action claiming deliberate indifference to his serious medical needs. Emmett and Henry argue that the district court[1] erred in denying their motion for judgment notwithstanding the verdict or for a new trial based on several evidentiary grounds, a claimed instruction error, internally inconsistent verdicts, and a claim that the verdict was against the weight of the evidence. We affirm.

Aswegan, 70 years old, is serving a life sentence at the Iowa State Penitentiary. He suffers from a number of medical conditions, including coronary artery disease, with history of a heart attack, chronic obstructive pulmonary disease, and arthritis. He brought this section 1983 action claiming deliberate indifference to his serious medical needs based on a number of incidents, most generally, prison officials' failure to timely deliver prescribed medications and follow physicians' recommendations. The jury returned a verdict in favor of three correctional officials, but against Emmett and Henry, awarding Aswegan $500 in actual damages and $1,500 in punitive damages.

Emmett and Henry argue that they are entitled to judgment notwithstanding the verdict because there was no evidence that any of the specific acts Aswegan complains of were ever communicated to them, or that any of the acts complained of amounted to deliberate indifference to Aswegan's serious medical needs. The district court was well aware that Emmett and Henry, as supervisors, could not be held responsible for the acts of their employees unless they failed to train, supervise, direct, or control their employees so as to amount to deliberate indifference. *Graham v. Baughman,* 772 F.2d 441, 447 (8th Cir.1985) (doctrine of respondeat superior does not apply to claims arising under 42 U.S.C. § 1983). Aswegan points to evidence in the record that Emmett deliberately violated prison policy by refusing Aswegan access to medical personnel during an incident on February 12, 1984, and that Emmett and Henry both failed to take

---

1. The Honorable Donald E. O'Brien, United States District Judge for the Southern District of Iowa.

steps to eliminate repeated violations of orders that Aswegan's medications be delivered in a timely manner; that Aswegan not be cuffed with his hands behind his back, because of arthritis; and that he not be placed in shower stalls during "shakedowns" of his cell, because the humidity made it difficult for him to breathe. There was also testimony that Henry refused to see that Aswegan received antibiotics prescribed by a specialist and told Aswegan to "[g]o over these matters with your attorney or the medical staff." This record evidence is sufficient to support a jury finding of deliberate indifference. Accordingly, the district court did not err in concluding that there was sufficient evidence to support the jury's findings and in denying the motion for judgment notwithstanding the verdict.

Emmett and Henry's other arguments require only brief discussion. We raised the question whether we have the power to reverse a district court's order denying a motion for a new trial on the ground that the verdict is against the weight of the evidence and to order a new trial in *Green v. American Airlines, Inc.*, 804 F.2d 453, 454–55 (8th Cir.1986). If we have such power, the record before us does not demonstrate that we should take such action in this case.

■ Similarly, we reject the argument that the jury returned contradictory and internally inconsistent verdicts in its answers to special interrogatories. The appellants argue that the jury finding that Emmett's and Henry's conduct constituted willful and wanton disregard for the rights or safety of another is inconsistent with its finding that Emmett's and Henry's conduct was not directed especially at Aswegan. These findings are not inconsistent. The latter interrogatory also made clear that if the jury found that the appellants' conduct was directed especially at Aswegan, then any punitive damages award would go to him, otherwise, the court would be required to fix a portion of the punitive damages award to a civil reparation trust fund.

Finally, we observe that the arguments based upon the introduction of evidence and jury instructions are without merit and require no further discussion. We affirm the judgment of the district court. *See* Eighth Cir.R. 47B.