68 F.3d 478
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Earl MCCREE; Vivian McCree, Appellants,
v.
STATE FARM FIRE & CASUALTY COMPANY, Appellee.
 No. 95-1637.
 United States Court of Appeals, Eighth Circuit.
 Oct. 13, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Earl McCree and Vivian McCree appeal from the district court's[1] order denying their motions for a new trial and for judgment as a matter of law, following a jury verdict for defendant State Farm Fire & Casualty Co. (State Farm) in this diversity action. We affirm.
 
 
 2
 The McCrees filed this action claiming that State Farm refused to pay them under the terms of their insurance policy after a fire totally destroyed their home. State Farm defended its failure to pay on the ground that the McCrees intentionally set the fire. After a three-day trial, the jury returned a verdict for State Farm, and the district court entered judgment accordingly.
 
 
 3
 The McCrees moved for a new trial, arguing, inter alia, that the verdict was against the weight of the evidence; they also renewed their motion for judgment as a matter of law. The McCrees argued that State Farm did not prove they had a motive to commit arson or show other inculpatory circumstances that would prove arson, both of which were essential elements of an arson defense. The district court denied the motion for a new trial, concluding there was ample evidence to support the jury's verdict. The court also concluded that, viewing the evidence in the light most favorable to the jury verdict, there was sufficient evidence to prove that the McCrees intentionally set the fire.
 
 
 4
 We review de novo the denial of a motion for judgment as a matter of law, applying the same standard employed by the district court. Keenan v. Computer Assocs. Int'l, Inc., 13 F.3d 1266, 1268 (8th Cir.1994). We "must analyze the evidence in the light most favorable to the prevailing party and must not engage in a weighing or evaluation of the evidence or consider questions of credibility." White v. Pence, 961 F.2d 776, 779 (8th Cir.1992) (footnote omitted).
 
 
 5
 We will not reverse a denial of a new trial motion absent " 'a clear abuse of discretion' "; where the motion is premised on the ground that the jury's verdict is against the weight of the evidence, the district court's decision " 'is virtually unassailable on appeal.' " Keenan, 13 F.3d at 1269 (quoted cases omitted); Czajka v. Black, 901 F.2d 1484, 1485 (8th Cir.1990). The question is whether a new trial should have been granted to avoid a miscarriage of justice. Keenan, 13 F.3d at 1269.
 
 
 6
 In Missouri, in a civil action on an insurance policy, an insurer need only establish the defense of arson by a preponderance of the evidence, and the evidence may be circumstantial rather than direct. Thomure v. Truck Insurance Exchange, 781 F.2d 141, 142 (8th Cir.1986) (per curiam). We need not decide whether arson can be proven absent evidence of motive, because, as the district court found, there was some evidence presented here from which a jury could infer that the McCrees had a motive to burn their house: they made an extraordinary claim for losses, they had bounced checks, and they had reached the debt limit on their credit cards. In addition, as State Farm argues, there was some direct evidence showing that Earl McCree intentionally set the fire: he was the only one in the house when the fire started, and his facial burns were consistent with those one might receive by reaching down to ignite a fire.
 
 
 7
 Upon our review of the record, we conclude there was sufficient evidence presented to support the jury's verdict. The expert opinions were virtually unanimous that the fire was incendiary in nature, the other suggested causes for the fire were not credible, Earl McCree was alone in the house when the fire started, and the McCrees were experiencing some financial difficulty.
 
 
 8
 Considering this same evidence, we do not believe the court abused its discretion in denying the motion for a new trial.
 
 
 9
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)