

# FILED

**NOT FOR PUBLICATION**

DEC 16 2020

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED SPECIALTY INSURANCE
COMPANY, a Delaware corporation,

        Plaintiff-counter-
        defendant-Appellee,

  v.

SHOT SHAKERS, INC., a Washington
corporation; SCOTT SIMPSON, a
Washington resident; MICHELLE
SIMPSON, a Washington resident,

        Defendants-counter-
        claimants-Appellants.

No.   19-35192

D.C. No. 2:18-cv-00596-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted May 7, 2020[**]
Seattle, Washington

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and CHHABRIA,*** District Judge.

Shot Shakers, Inc. and Michelle and Scott Simpson (collectively, Appellants) appeal the district court's summary judgment in favor of their insurer, United Specialty Insurance, on coverage issues following a fire. Reviewing *de novo*, we affirm. *See Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018) (reviewing summary judgment *de novo*).

United Speciality issued a policy covering the Simpsons' family business, the Roosevelt Ale House (Ale House). The policy included a "Concealment, Misrepresentation or Fraud" condition that voided the policy "in any case of fraud" relating to coverage, the covered property, interest in the covered property, or a claim. Following a fire at the Ale House, United Specialty denied coverage based on this condition in the policy.

Under Washington law, a clause voiding an insurance policy due to fraudulent statements is enforceable. *See Mut. of Enumclaw Ins. Co. v. Cox*, 757 P.2d 499, 502 (Wash. 1988) (en banc). The insurer may void the policy if "false statements were knowingly made in the application for the policy and [if], in making them, the applicant had an intent to deceive the company." *St. Paul*

---

*** The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

*Mercury Ins. Co. v. Salovich*, 705 P.2d 812, 814 (Wash. Ct. App. 1985) (citation omitted).

In their insurance application, Appellants represented that: (1) their fire extinguishing system covered all cooking surfaces and deep fryers, and (2) their hoods, ducts, and filters were cleaned at least every six months or more frequently. However, Appellants were aware that these statements were false. Their hoods, ducts, and filters were not cleaned at least every six months and their system did not protect all cooking areas and deep fryers. *See Kay v. Occidental Life Ins. Co.*, 183 P.2d 181, 182 (Wash. 1947) ("[W]here a false statement has been knowingly made, there is a presumption that it was made with intent to deceive."). The district court did not abuse its discretion by refusing to consider Appellants' arguments, newly raised in their final reply brief, on the admissibility of the application. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief. . . .") (citation omitted).

United Specialty also denied coverage under the "Protective Safeguards" endorsement to the policy. That endorsement contained a safeguards condition and an accompanying exclusion. The safeguards condition required the insured to maintain an automatic sprinkler system and fire alarm in conformity with a defined

3

schedule.  The schedule, in turn, required a "[f]ully functional actively engaged fire extinguishing system over the entire cooking area with an automatic shut off for the heat source with a semi-annual service contract."

Under the accompanying exclusion, coverage could be denied if Appellants:

1.      Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify [the insurer] of that fact; or

2.      Failed to maintain any protective safeguard listed in the Schedule above, and over which [the insured] had control, in complete working order.

Appellants failed to raise a material issue of fact regarding coverage denial under this exclusion because the fire suppression system did not cover the broiler that was the source of the fire.  In addition, Appellants had ample notice through inspection reports to make the necessary adjustments to the fire suppression system.

**AFFIRMED.**