**AIMOR ELECTRIC WORKS, LTD., Appellant,**

v.

**OMAHA NATIONAL BANK, Appellee.**

No. 83–1659.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1983.

Decided Feb. 3, 1984.

National Bank (ONB) in an action alleging breach of fiduciary duty and conspiracy. For reversal, Aimor contends that the district court [1] (1) erred as a matter of law in determining that ONB's limited agency relieved it of a duty to disclose conflicts of interest, (2) improperly stated the duties of an agent for collection in the jury instructions, and (3) erred in denying Aimor's motion for a new trial because the jury verdict was contrary to the weight of the evidence. We affirm.

## I. Background.

Aimor is a Japanese corporation which manufactures car radios. In 1977, Aimor entered an agreement with International Radio Corporation, Inc. (IRC), a Nebraska corporation, to market radios for automobiles in this country under Aimor's brand name. Initially, IRC prepaid for each shipment of radios under irrevocable letters of credit issued by ONB. Later, because expansion of the business required additional credit, IRC paid for the radios by a "drafts against acceptance" arrangement. Under this mode of payment, goods were shipped from Japan and placed in a warehouse. Aimor's Japanese bank forwarded bills of lading and bills of exchange to ONB, which served as the "collecting" bank in this country. ONB notified IRC when the documents arrived, and upon the company's acceptance of the bill of exchange, ONB would endorse the bill of lading to enable IRC to take delivery of the goods. The bill of exchange then became due ninety (90) days after acceptance.

ONB loaned a substantial sum of money to IRC in connection with the initial radio shipments financed under letters of credit. As security for the loan, ONB obtained a perfected security interest in IRC's assets, including its accounts receivable. To control its security interest, the bank set up a "lock box" account to hold IRC's accounts receivable.

Kirk E. Brumbaugh, of Thompson, Crounse, Pieper & Quinn, Omaha, Neb., for appellant.

Milton A. Katskee and Patrick E. Greenwood of Katskee & Henatsch, Omaha, Neb., for appellee.

Before LAY, Chief Judge, BRIGHT, Circuit Judge, and HANSON, Senior District Judge.*

BRIGHT, Circuit Judge.

Aimor Electric Works, Ltd. (Aimor) appeals from a jury verdict in favor of Omaha

---

* The Honorable WILLIAM C. HANSON, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable C. Arlen Beam, United States District Judge for the District of Nebraska.

IRC timely paid the first few bills of exchange when they came due under the drafts against acceptance arrangement, and in early 1978, IRC accepted the three drafts at issue in this litigation. The first of these drafts was to mature in late April. However, by April it was clear that the company was experiencing financial difficulties. As a result, ONB notified the company that, in accordance with the parties' loan agreement, the bank was exercising its right to apply funds in the lock box account to reduce IRC's debt to the bank. Because of the bank's action, IRC was unable to honor the three bills of exchange in question when they came due. ONB notified Aimor's Japanese bank of the defaults and requested instructions, but offered no explanation for the nonpayment. According to Aimor, the funds ONB obtained from the lock box account were sufficient to pay the drafts.

Thereafter, Aimor filed the present action[2] claiming that the funds obtained by ONB should have been applied to the sum owed Aimor under the bills of exchange. Aimor alleged that ONB had breached its fiduciary duty as Aimor's agent for collection in the drafts against acceptance transactions by failing to inform Aimor that the bank was a fully secured creditor of IRC. Evidence presented at trial indicated that Aimor was aware that ONB had an ongoing business relationship with IRC. Testimony also indicated that the bank knew IRC faced financial losses, and monitored the company's financial condition closely without notifying Aimor or Aimor's Japanese bank.

The district court denied Aimor's motion for a directed verdict and presented all issues to the jury. The jury returned a verdict for ONB on March 29, 1983. Aimor's motion for a new trial was overruled, and this appeal followed.

## II. *Discussion.*

As we understand appellant's brief and argument, Aimor claims that because ONB failed to disclose directly to Aimor the full parameters of the bank's secured position with IRC, ONB breached its fiduciary duty as an agent and Aimor is entitled to prevail as a matter of law. Aimor submits that ONB had an affirmative duty of full disclosure even though a duly filed financing statement gave public notice of the bank's pre-existing security interest in IRC's assets. Appellant's contention thus appears to be that under the principles of agency law properly applicable in this case, the district court erred in denying Aimor's motion for a directed verdict.

■ Viewed in this context, Aimor's contention may be reviewed on appeal despite the absence of a motion for judgment notwithstanding the verdict. *See Coca Cola Bottling Co. of Black Hills v. Hubbard,* 203 F.2d 859, 862 (8th Cir.1953). We conclude, however, that Aimor's assertion is without merit. Even assuming that some duty of disclosure was incumbent on the bank, we are not persuaded that the district court misstated the extent of that duty, or that Aimor is entitled to prevail as a matter of law in the circumstances of the present case. Rather, the evidence presented a question of fact submissible to the jury regarding the adequacy of ONB's disclosure to Aimor. That evidence was sufficient to support the jury's verdict. Moreover, even if the jury had found that ONB breached its duty as Aimor contends, it could still have rejected Aimor's claim on the ground that Aimor's damages did not proximately result from the bank's acts or omissions.[3]

**2.** Originally, Aimor named both IRC and ONB as defendants. Soon after commencement of the suit, IRC filed for bankruptcy, and did not actively defend itself thereafter.

**3.** The jury instructions provided:

If, and only if, you find that Omaha National Bank breached its duties as an agent for collection purposes or conspired with IRC to inflict wrong upon Aimor or breached its duties as a fiduciary, or any of them, then you must determine the damages, if any, which were proximately caused by or proximately resulted from such acts or omissions.

\* \* \* \* \* \*

If you should find that the plaintiff is entitled to a verdict, you may award it only such damages as will reasonably compensate it for such injury and damage as you find, from a preponderance of the evidence in the case,

In the face of ONB's valid prior perfected security interest in all of IRC's assets, the jury might have concluded that even with full disclosure, Aimor could have done nothing of its own accord to assure payment of the drafts.

Aimor further contends that jury instructions 22 and 23 were contrary to law because they improperly recited ONB's duties as an agent. Instruction 22 provided:

You are instructed that defendant Omaha National Bank was, as a matter of law, an agent of plaintiff Aimor in these documents against acceptance transactions.

You are further instructed, however, that Omaha National Bank was not a general agent on behalf of Aimor, but only an agent for collection purposes. Aimor agrees that ONB was an agent for collection purposes, but argues that even if ONB was a special rather than a general agent, any such distinction is a matter of degree, not of duty. This contention raises no issue of law regarding instruction 22.

Instruction 23 provided:

You are instructed that the duties of an agent for collection purposes are as follows:

The collecting bank must send without delay advice of payment to the bank from which the collection order was received, detailing the amount or amounts collected, charges and/or disbursements and/or expenses deducted, where appropriate, and method of disposal of the funds.

The collecting bank must send without delay advice of acceptance to the bank from which the collection order was received.

The collecting bank must send without delay advice of non-payment or advice of non-acceptance to the bank from which the collection order was received.

The presenting bank should endeavor to ascertain the reasons for such non-payment or non-acceptance and advise accordingly the bank from which the collection order was received.

that it has sustained as a proximate result of

Aimor concedes that the four duties listed in the instruction are accurate. Appellant contends, however, that the list is incomplete because "[n]o mention is made of the fiduciary duty every agent owes to his principal," specifically the duty to disclose conflicts of interest. Aimor argues that instruction 23 was misleading when read immediately after instruction 22, because it suggested that the duties listed were the only duties an agent for collection owed to its principal, and thus misstated the law of agency.

█ It is well established that in reviewing a trial court's instructions to the jury to determine whether they correctly set forth the applicable law, we are bound to read and consider the charge as a whole. *See, e.g., Hrzenak v. White-Westinghouse Appliance Co.,* 682 F.2d 714, 719 (8th Cir.1982); *McGowne v. Challenge-Cook Bros., Inc.,* 672 F.2d 652, 662 (8th Cir.1982). In the present case, the instructions separately stated ONB's duties as an agent for collection, and its duty as a fiduciary. Instruction 25 stated in pertinent part:

You are further instructed that a fiduciary relationship exists between a principal and agent.

It imposes a duty on the agent that the agent, within the limits of the agency, deal fairly and honestly with its principal and imposes the responsibility to disclose any conflicts between the principal's interest and the agent's interest which might make the agent act in its own best interest at the expense or to the detriment of the principal.

&ast; &ast; &ast; &ast; &ast; &ast;

It is for you, the jury, to determine if ONB violated its fiduciary duties to deal fairly and honestly with Aimor or to disclose to Aimor its relationship with IRC. However, ONB had no duty to disclose matters already within the knowledge of Aimor.

█ The charge thus informed the jury that ONB had a duty to disclose conflicts of interest substantially as Aimor contends on

the acts of ONB.

appeal. Indeed, Aimor did not object at trial to the statement of fiduciary duty as set forth in instruction 25. Nor was it unduly misleading to describe various aspects of ONB's duties as an agent in separate instructions. We conclude that the instructions taken as a whole adequately stated the applicable law.

Finally, Aimor asserts that the district court erred in denying its motion for a new trial because the verdict was contrary to the clear weight of the evidence. Motions for a new trial are addressed to the sound discretion of the trial court and should be reversed only upon a strong showing of abuse of discretion. *See, e.g., Burnett v. Lloyds of London,* 710 F.2d 488, 489–90 (8th Cir.1983); *Voegeli v. Lewis,* 568 F.2d 89, 94–95 (8th Cir.1977); *Minnesota Mutual Life Insurance Co. v. Wright,* 312 F.2d 655, 659–60 (8th Cir.1963). Here, the record indicates that substantial evidence was presented to support the jury's verdict. We cannot say on the record before this court that the verdict was contrary to law or to the evidence adduced. Appellant has therefore failed to demonstrate that the trial judge abused its discretion in denying the motion for a new trial.

Accordingly, we affirm.