**Tamala Jo RYAN, a minor, by her father and natural guardian, Dennis Ryan and Dennis RYAN, individually, Plaintiffs/appellants and cross appellees,**

v.

**McDONOUGH POWER EQUIPMENT, INC., Defendant/appellee, Third-party plaintiff and cross appellee,**

v.

**Thomas Leo DOMBROVSKI, Third-party defendant and appellee,**

**Zelda Ryan, Third-party defendant/appellee and cross appellant.**

Nos. 83–1737, 83–1790.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1983.

Decided May 16, 1984.

Coolidge, Wall, Womsley & Lombard, Co., L.P.A., Alfred J. Weisbrod, Troy, Ohio, Schwebel, Goetz, Sieben & Hanson, P.A., Diane C. Hanson, Minneapolis, Minn., for appellants Tamala Jo Ryan and Dennis Ryan.

Faegre & Benson, Martin N. Burke, James A. O'Neal, Minneapolis, Minn., for appellee McDonough Power Equipment, Inc.

Richard D. Allen, Minneapolis, Minn., for Thomas Dombrovski.

Leo M. Daly, St. Paul, Minn., for Zelda Ryan.

Before LAY, Chief Judge, BRIGHT, Circuit Judge, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

This case arose out of an accident in which Tamala Jo Ryan, a three-year old girl, had her foot cut off by a riding lawn mower. The mower was manufactured by McDonough Power Equipment and was being operated by Thomas Dombrovski at the time of the accident. Tamala's mother,

* The Honorable William C. Hanson, Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

Zelda Ryan, was nearby when the accident occurred.

Tamala and her father, Dennis Ryan (plaintiffs), sued the manufacturer of the mower (defendant) on theories of negligence and strict products liability. Defendant filed third-party claims against Tamala's mother, Zelda Ryan, and the operator of the mower, Thomas Dombrovski, alleging that both were negligent in supervising Tamala and that Dombrovski was negligent in operating the mower.

A jury found defendant liable under strict products liability but not under negligence. The jury also found Dombrovski and Zelda Ryan negligent. Pursuant to Minnesota's comparative fault system, the jury assigned liability as follows: 20% to defendant, 40% to Dombrovski, and 40% to Zelda Ryan.

On defendant's motion, the court found the jury's verdict against defendant to be against the weight of the evidence and granted a new trial on defendant's liability under strict products liability. This grant of new trial was later extended to include the liability of third-party defendants Dombrovski and Zelda Ryan.

In the second trial the jury found defendant not liable. However, it found Dombrovski 25% negligent and Zelda Ryan 75% negligent.

Plaintiffs appeal the grant of new trial challenging the rejection of the jury's verdict, the inclusion of the defect issue in the new trial, the exclusion of plaintiffs' negligence claim from the new trial, and the inclusion of the third-party defendants in the new trial. Plaintiffs also appeal the judgment in the second trial challenging the exclusion of certain evidence and the failure to grant a requested jury instruction. Third-party defendant Zelda Ryan brings a cross appeal challenging the judgment against her in the first trial. She makes this appeal contingent on our reinstating the first verdict and judgment.

We affirm the district court and dismiss Zelda Ryan's cross appeal as moot.

## GRANT OF NEW TRIAL

*Rejection of jury's verdict:* The court granted a new trial on the ground that the first jury's verdict was against the weight of the evidence. Plaintiffs argue that the court abused its discretion in granting a new trial on this ground.

In determining whether a verdict is against the weight of the evidence, a trial court can rely on its own reading of the evidence—it can "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *McGee v. South Pemiscot School District R–V,* 712 F.2d 339, 344 (8th Cir.1983); *Ouachita National Bank v. Tosco Corp.,* 686 F.2d 1291, 1295 (8th Cir.1982), *reh'g en banc,* 716 F.2d 485 (8th Cir.1983); 11 Wright & Miller, *Federal Practice and Procedure:* Civil § 2806, 43–45 (1973). However, the court is not simply to substitute its judgment for the jury's, granting a new trial whenever it would find differently than the jury has. *McGee,* 712 F.2d at 344; *Fireman's Fund Insurance Co. v. AALCO Wrecking Co.,* 466 F.2d 179, 187 (8th Cir.1972), *cert. denied,* 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973); 11 Wright & Miller, *Federal Practice and Procedure:* Civil § 2806, 49 (1973). The court should reject a jury's verdict only where, after a review of all the evidence giving full respect to the jury's verdict, the court is left with a definite and firm conviction that the jury has erred. *Dace v. ACF Industries, Inc.,* 722 F.2d 374, 377 n. 5 (8th Cir.1983); *McGee,* 712 F.2d at 344; *Day v. Amax, Inc.,* 701 F.2d 1258, 1262 (8th Cir.1983); *Fireman's,* 466 F.2d at 187; 11 Wright & Miller, *Federal Practice and Procedure:* Civil § 2806, 49 (1973).

Our review of the grant of new trial is limited to whether the court abused its discretion. *Aimor Electric Works, Ltd. v. Omaha National Bank,* 727 F.2d 688 at 692 (8th Cir.1984); *McGee,* 712 F.2d at 345.

The accident involved in this case occurred when defendant's riding mower ran over Tamala's leg. Dombrovski, who

was operating the mower, noticed Tamala kneeling in front of him only moments before he ran over her leg. Dombrovski testified that he tried to turn but the mower did not respond. Plaintiffs claimed that the mower was defective in that its front end was too light, causing it to lose steering traction and to ride over objects in its path. Plaintiffs also claimed that defendant did not give adequate warning of these problems. Defendant claimed that its warnings were adequate and that the mower could not have lost steering traction in the circumstances of this accident. Further, defendant argued that any loss of steering traction was not a cause of the accident because Dombrovski did not have time to miss Tamala, even if the mower had steered perfectly. We have carefully reviewed the evidence on plaintiffs' and defendant's claims. We cannot say that the district court abused its discretion in rejecting the jury's verdict against defendant as contrary to the weight of the evidence. Therefore, we affirm the grant of new trial on defendant's liability.

*Inclusion of defect issue in new trial:* The court granted a new trial on all elements of defendant's liability under strict products liability, including the defect element. Plaintiffs claim that the court found the jury's verdict to be against the weight of the evidence on only one element of liability—causation. Therefore, plaintiffs argue the new trial should have been limited to the causation.

■ We disagree with plaintiffs' claim that the court's rejection of the jury's verdict was limited to the causation issue. In ordering the new trial, the court stated:

I am well satisfied that the Special Verdict finding of liability against McDonough is against the great weight of the evidence and to permit it to stand would be a miscarriage of justice. Reasonable men could not differ on the question of liability as to McDonough. Even if there was *some* evidence to show a defect in the lawn mower, there was an absence of credible evidence to show a direct causal connection between it and the injuries suffered.

The evidence was ... non-existent, or scanty at most, against the manufacturer, McDonough. On the entire record I am left with the firm conviction that a mistake has been committed in fixing liability against McDonough. [Emphasis added.]

Though the court states there was "some" evidence of a defect and no evidence of causation, we read the order as finding the jury's verdict to be against the weight of the evidence on both issues. Our review of the evidence indicates that the court did not abuse its discretion in finding the jury's verdict to be against the weight of the evidence on both issues. Therefore, we affirm the inclusion of the defect issue in the new trial.

■ *Exclusion of plaintiffs' negligence claim from new trial:* Plaintiffs were not granted a new trial on their negligence claim against defendant. Plaintiffs claim it was unfair to give defendant a second chance to defend the defect issue while denying plaintiffs a second chance to prove their negligence claim. We see no unfairness here. The jury's finding of a defect was found to be against the weight of the evidence, but the verdict for defendant on the negligence claim was not found to be against the weight of the evidence. The court has discretion to grant a partial new trial excluding separable issues. Rule 59(a), Fed.R.Civ.P.; 11 Wright & Miller, *Federal Practice and Procedure:* Civil §§ 2803, 2814 (1973). We can see no abuse of discretion here.

*Inclusion of third-party defendants in new trial:* The court ordered a new trial on the liability of third-party defendants Dombrovski and Zelda Ryan. Plaintiffs argue that the court had no power to include the third-party defendants in the new trial.

Defendant moved for a new trial within ten days of entry of judgment, as required by Federal Rule of Civil Procedure 59(b). More than one month after entry of judgment, the court ordered a new trial on defendant's liability and scheduled a hear-

ing on any motions to extend the new trial to include the third-party defendants. At this point third-party defendant Zelda Ryan did move for a new trial on her liability. After hearing, the court extended the new trial to include both third-party defendants, Dombrovski and Zelda Ryan.

Plaintiffs point out that neither of the third-party defendants moved for a new trial within ten days of entry of judgment as required by Rule 59(b). This time limit cannot be extended by the court. Rule 6(b), Fed.R.Civ.P. Further, the court can order a new trial on its own motion only within ten days of entry of judgment. Rules 59(d) and 6(b), Fed.R.Civ.P. Thus, plaintiffs argue, the court was without power to extend the new trial to include the third-party defendants.

■ The substantive law of this diversity case includes Minnesota's rule of comparative fault. 38 Minn.Stat.Ann. §§ 604.01 Subd. 1a, 604.02 Subd. 1 (West 1984 Pocket Part). Minnesota's rule requires a comparison between the fault of all persons liable for damages under either negligence or strict liability. Under this rule, we do not see how defendant's liability could be retried without also retrying the liability of third-party defendants Dombrovski and Zelda Ryan. Defendant's right to a new trial should not be lost because other parties and the court failed to act within ten days of entry of judgment.

Defendant's timely motion was simply "for a new trial"—it was not limited to any particular parties or issues. Of course, the grounds for a new trial argued by defendant concerned only defendant's liability. Defendant could hardly be expected to attack the verdict and judgment against the third-party defendants for 80% of the damages. However, in light of the requirements of comparative fault, defendant's general motion for a new trial should have put all parties on notice that the liability of the third-party defendants might be retried.

Given the requirements of comparative fault and the general nature of defendant's motion for new trial, we hold that defend-

ant's timely motion gave the court power to order a new trial on the liability of third-party defendants Dombrovski and Zelda Ryan. *Cf. Grimm v. California Spray-Chemical Corp.*, 264 F.2d 145, 146 (9th Cir.1959) (motion for new trial on damages gives power to grant new trial on both liability and damages where the issues are intertwined).

## THE SECOND TRIAL

*Exclusion of evidence and refusal of instruction on "enhanced injury"*: In the second trial plaintiffs tried to present what they have referred to as an "enhanced injury" theory. Plaintiffs attempted to make two arguments under this theory. First, plaintiffs argued that even if Dombrovski did not have time to miss Tamala completely, her injury would have been less severe if the mower had started to turn away before it ran over her. Second, plaintiffs argued that even if there was no steering defect and Dombrovski did not have time to turn, the mower's light front end increased Tamala's injuries by causing the mower to ride up over her further than it would have if the front end had been heavier. In pursuing these arguments, plaintiffs attempted to introduce a videotape deposition of Tamala's doctor. The relevant portion of this deposition explained the difference between a Syme's amputation, which leaves the heel of the foot, and the amputation Tamala in fact received, which did not leave the heel of her foot. The deposition also explains that a Syme's amputation was attempted but could not be done because too much of the foot was gone. Plaintiffs requested the following instruction on enhanced injury:

A manufacturer is liable not only for defects that cause accidents, but also for defects that enhance or make greater the resulting injuries, even if the product did not cause the accident. If you find that the Defendant McDonough Power Equipment, by its design and manufacture of the lawn mower in question, enhanced the opportunity for injury to Tamala Jo Ryan or enhanced the extent of her inju-

ries, then your must find that McDonough is liable.

The court excluded the doctor's deposition under Federal Rule of Evidence 403 on the ground that it was more prejudicial than probative. It is apparent that the original purpose of the deposition was to show Tamala's damages. The deposition contains testimony about tissue hanging by a thread, sanding down bone, stump revisions, et cetera. Plaintiffs' damages had been established in the first trial and were not an issue in the second. In a trial limited to liability, testimony detailing damages of the type involved here presents a substantial danger of unfair prejudice. The court believed the probative value of the deposition was slight because plaintiffs did not need expert testimony to argue that Tamala's injuries would have been less severe if the mower had not ridden over her as far as it did.

We can reverse the exclusion of evidence under Rule 403 only for abuse of discretion. *See, e.g., U.S. v. Michaels,* 726 F.2d 1307, 1315 (8th Cir.1984). We cannot say that the court abused its discretion in this case.

The court also refused plaintiffs' proposed instruction on enhanced injury. The typical context for the enhanced injury theory is a "second collision" or "crash worthiness" case. *See, e.g., Mitchell v. Volkswagenwerk,* 669 F.2d 1199 (8th Cir. 1982); *Wagner v. International Harvester Co.,* 611 F.2d 224, 230 (8th Cir.1979). The facts of this case are difficult to fit into the second collision or crash worthiness mold. In excluding the doctor's deposition and in refusing plaintiffs' proposed instruction, the court pointed out the plaintiffs could make their "enhanced injury" arguments to the jury under the ordinary rules of strict products liability. The court's instructions stated that the causation element of liability was satisfied if a defect played a "substantial part in bringing about the accident." The instructions also stated that there may be more than one cause of an accident. These instructions left ample room for the arguments plaintiffs label "enhanced injury." We can find no prejudicial error in the court's failure to give plaintiffs' proposed instruction on enhanced injury.

CONCLUSION

The grant of new trial after the first trial and the judgment in the second trial are affirmed. Zelda Ryan's cross appeal is dismissed as moot.