963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Duane SEBASTIAN; Theresa Sebastian; Appellants,
Seanderick SEBASTIAN; Christopher Sebastian; Brett
Sebastian; Plaintiffs,
v.
SOUTHWESTERN MOTOR TRANSPORT, INC., a Texas Corporation;
Elroy Sepulveda, Jr.; Appellees.
 No. 91-3386.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 14, 1992.
Filed: May 22, 1992.
 
 Before ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Duane and Theresa Sebastian, husband and wife, appeal the district court's[1] denial of their motion for new trial. This diversity negligence action arose out of a January 6, 1988 automobile accident, in which the Sebastians' vehicle was rear ended by a semi-trailer truck owned by Southwestern Motor Transport, Inc. and driven by Elroy Sepulveda, Jr. The accident occurred in Arkansas while the Sebastian family was enroute from Kentucky to Albuquerque, New Mexico. The jury returned a verdict for the Sebastians, awarding $6,218.25 to Duane Sebastian and $5,302.25 to Theresa Sebastian. The Sebastians moved for new trial on the issue of damages, alleging that the awards were grossly inadequate and contrary to the evidence. The district court denied the motion, finding that there was sufficient evidence to support the jury awards and that the jury was free to disregard any testimony that they determined was unfounded or unworthy of belief. We affirm.
 
 
 2
 On appeal, the Sebastians reassert their claim that the jury awards were grossly inadequate and against the weight of the evidence. They assert there was undisputed evidence that, as a result of the accident, Duane suffered an acute cervical, dorsal and lumbar sprain, that he experienced intense low back pain which rendered him nonambulatory at times, that such condition required 26 days of hospitalization in July of 1988 and 30 days of inpatient rehabilitation thereafter, that he incurred $50,120 in medical expenses, and that he was unable to return to work as a mover. There was also testimony that Duane developed an "adjustment disorder after a severe trauma," and that he now has a 15 to 20 percent partial permanent impairment.
 
 
 3
 The Sebastians also argue there was undisputed evidence that Theresa Sebastian suffered cervical and lumbar sprain, that back pain limited her activities for a period of six months and required medical treatment through 1989, and that she incurred medical expenses in the amount of $8,164.20.
 
 
 4
 Appellees argue there has been no showing that the district court abused its discretion in denying the Sebastians' motion for new trial. They assert that there was no objective medical evidence to explain the Sebastians' subjective complaints of pain and there was expert testimony that Duane tended to exaggerate his symptoms and was less than fully motivated to improve his condition. They argue that the jury was entitled to reject any unconvincing testimony of pain and suffering and to deny an award for unnecessary medical expenses.
 
 
 5
 On appellate review, we consider the district court's denial of the motion for new trial under an abuse of discretion standard. White v. Pence, No. 90-2826, slip op. at 12 (8th Cir. Apr. 13, 1992). When considering whether a verdict is against the weight of the evidence on a motion for new trial, " 'the trial court can rely on its own reading of the evidence-it can "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." ' " White v. Pence, supra, slip op. at 8 (quoting Ryan v. McDonough Power Equip., Inc., 734 F.2d 385, 387 (8th Cir. 1984)). "[G]reat deference is to be accorded the trial judge's decision in such rulings." Id. at 12 (citation omitted).
 
 
 6
 Having considered the record under the applicable standard of review, we cannot say that the district court abused its discretion in denying the Sebastians' motion for new trial. Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Elsijane T. Roy, Senior District Judge for the Eastern District of Arkansas