# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1177EM

_____

Dianne Walzer,

        Appellant,

    v.

St. Joseph State Hospital; Missouri
Department of Mental Health; and
Ron Dittemore, in his Official and
Individual Capacity,

        Appellees.

On Appeal from the United
States District Court
for the Western District
of Missouri.

_____

Submitted: September 15, 2000

Filed: November 8, 2000

_____

Before RICHARD S. ARNOLD, Circuit Judge, BATTEY[1] and MOODY,[2] District
    Judges.[3]

---

[1]The Hon. Richard H. Battey, United States District Judge for the District of
South Dakota, sitting by designation.

[2]The Hon. James M. Moody, United States District Judge for the Eastern District
of Arkansas, sitting by designation.

[3]Pursuant to 28 U.S.C. § 46(b), the Chief Judge certified the existence of a
judicial emergency necessitating the designation of a panel consisting of fewer than two
members of the Court of Appeals.

RICHARD S. ARNOLD, Circuit Judge.

This case arises from a Title VII action alleging gender discrimination. Dianne Walzer claims the District Court[4] erred in denying her motion for a new trial and excluding from evidence at trial files of employees Ms. Walzer claims were similarly situated. We affirm.

## I.

Saint Joseph State Hospital hired Ms. Walzer as a Clinical Case Worker Assistant I in 1994. The position required the employee to develop a close therapeutic relationship with clients and to assist them in obtaining services. At Saint Joseph all new employees had to undergo a background check which included a Division of Family Services inquiry. If the Division of Family Services had records concerning an employee, Saint Joseph's Human Resource Director would request that the employee obtain the records and give them to Saint Joseph. DFS indicated it had records for Ms. Walzer. The Human Resource Director requested and obtained copies of the reports from Ms. Walzer.

The DFS reports documented several alleged instances of emotional abuse by Ms. Walzer towards her children.[5] Dr. Ron Dittemore, the Superintendent of Saint Joseph, reviewed the reports and subsequently dismissed Ms. Walzer, claiming that she presented a risk to the welfare of Saint Joseph's clients. Ms. Walzer filed this suit

---

[4]The Hon. Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

[5]The truth or falsity of these reports is not at issue.

under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. Sec. 2000e-2(a)(1), against Saint Joseph, alleging gender discrimination.

During voir dire, counsel for Ms. Walzer asked the veniremen to raise their hand if they believed an employer should have an obligation to keep the workplace free from discrimination. All of the veniremen on the panel raised their hands except for one designated as A.U. When questioned individually, A.U. stated that he had not raised his hand because he had not heard the question. However, A.U. said that had he heard counsel's question he would have raised his hand.

Additionally, the Court asked A.U. if he had ever been involved in any kind of domestic-violence issues. A.U. stated that he had been arrested for violating an ex parte order of protection issued on behalf of his wife. A.U. stated that the order stemmed from his wife's false allegations of physical abuse. A.U. claimed that his wife bailed him out of jail, that the charge was "thrown out" of court, and that the couple remained married. Plaintiff's App., Vol. II 269, 271. A.U. stated that he could be impartial and fair in cases involving domestic-violence issues. Plaintiff moved the Court to strike A.U. for cause. The Court denied the motion. Plaintiff did not use one of her peremptory strikes against A.U., and he was seated on the jury.

In a post-trial investigation, plaintiff's counsel discovered that the ex parte order had not been dismissed on the merits, but, instead, A.U.'s wife had signed a consent to termination of the order. Moreover, A.U. was not arrested for violating the ex parte order, but on other, related allegations of domestic abuse.

Counsel for the plaintiff also asked the potential jurors to raise their hands if any of them had been parties in any litigation. A.U., who did disclose the ex parte order, did not raise his hand or in any way indicate that he had ever been involved in any litigation. A post-trial investigation revealed that A.U. was involved in litigation on

four prior occasions. He was a named plaintiff in an automobile-accident case,[6] he was a defendant in a suit for unpaid city taxes,[7] he was a defendant in an ex parte order of protection, and he was complained against for criminal assault (in connection with the same incident involving the order of protection).

Also during individual voir dire, plaintiff's counsel questioned Venireman R.M. R.M. stated that he did not believe in affirmative action, and that the "best person ought to get the job." Plaintiff's App., Vol. II 283. He stated he knew of an instance in which a woman had gotten a job just because she was a woman. R.M. also stated,

> [I]t seems to me like a lot of times at the drop of the hat something can be determined as sexual harassment. I don't believe in that. Something down the road comes up and it was okay then but six months down the road it is brought out, like I didn't like that, that kind of attitude I don't like, as far as the sexual harassment stuff.

Id. at 284.

When questioned by plaintiff's counsel as to whether he would disregard the Court's instructions, R.M. stated, "If it was the law, I couldn't, you couldn't." Id. at 286. Counsel for the plaintiff moved the Court to strike R.M. for cause. The Court denied the motion. Plaintiff's counsel used a peremptory challenge against R.M., and he was not seated on the jury.

At the conclusion of the trial the jury rendered a defense verdict. Ms. Walzer filed a motion for an evidentiary hearing on the two jurors' qualifications and a motion

---

[6]The defendant appeared in court and consented to the entry of a judgment against him.

[7]This suit was dismissed before there were any court proceedings.

for a new trial. The District Court denied both motions. The Court held that A.U.'s and R.M.'s responses did not indicate that either should have been stricken for cause. The Court found that there was no evidence that A.U.'s nondisclosures were dishonest instead of inaccurate or that, "had that information been provided, it would have supported striking the juror for cause." District Court's Order of December 1, 1999, at 12.

On appeal, Ms. Walzer asserts that the Court violated her right to a fair trial in refusing to strike R.M. and A.U. for cause and in refusing to grant a new trial due to juror misconduct. We will discuss each juror in turn. For reasons explained below, we will not reach the merits of Ms. Walzer's claim that the Court erred in excluding certain employee files at trial.

## II.

The decision whether to grant a motion for a new trial is within the discretion of the trial court. McDonough Power Equip. v. Greenwood, 464 U.S. 548 (1984); Aimor Electric Works v. Omaha Nat'l Bank, 727 F.2d 688, 692 (8th Cir. 1984). An appellate court will not reverse a trial court's determination on a motion for new trial without a clear showing that there was an abuse of discretion. Burnett v. Lloyds of London, 710 F.2d 488, 490 (8th Cir. 1983). The plaintiff alleges three instances of error on which the Court should have granted her motion for a new trial.

## A.

Plaintiff contends that both A.U. and R.M. were biased, and therefore the Court should have stricken them for cause. First, Ms. Walzer contends that R.M.'s responses regarding discrimination laws evidenced an "extremely negative attitude toward affirmative action and about females receiving jobs in the workforce." Brief for the Appellant 28. Therefore, she argues, the Court's refusal to strike R.M. for cause forced

her to use a peremptory strike, impairing her statutory right under 28 U.S.C. § 1870 to exercise three peremptory strikes. We disagree, on the authority of United States v. Martinez-Salazar, 120 S. Ct. 774 (2000).

In Martinez-Salazar, co-defendants were tried and convicted on a criminal charge. In a written questionnaire given to the panel of veniremen, a potential juror indicated that he thought he would be prejudiced in favor of the prosecution. Martinez-Salazar, 120 S. Ct. at 777. Upon questioning by defense counsel the venireman stated, "You assume that people are on trial because they did something wrong." Id. at 778. When the defendants challenged the potential juror for cause, the trial court declined to strike the juror. The defendants exercised one of their peremptory challenges to keep the venireman from being seated on the jury.

On appeal the defendants asserted that the trial court abused its discretion in refusing to strike the venireman for cause, thus impairing their right to a full allotment of peremptory strikes. The Supreme Court held that if the trial court errs in refusing to strike a venireman for cause, and "the defendant elects to cure such an error by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right." Id. at 777; Ross v. Oklahoma, 487 U.S. 81, 88 (1988) (holding "peremptory challenges are not of constitutional dimension"). Accordingly, we hold that Ms. Walzer suffered no constitutional or rule-based violation due to the Court's refusal to strike R.M. for cause. Moreover, "[i]n choosing to remove [R.M.] rather than taking [her] chances on appeal, [Ms. Walzer] did not lose a peremptory challenge. Rather, [she] used the challenge in line with a principal reason for peremptories: to help secure the constitutional guarantee of trial by an impartial jury." Martinez-Salazar, 120 S. Ct. at 782.

Second, Ms. Walzer asserts that because the Court did not strike A.U. for cause he was seated on the jury which prevented her from receiving a fair trial. Ms. Walzer

contends that A.U.'s failure to agree initially with other panel members that an employer should have an obligation to keep the workplace free from discrimination, coupled with his answers regarding the ex parte order, gave the appearance of bias. We disagree.

To challenge a juror for cause, a party must show actual partiality growing out of the nature and circumstances of the case. United States v. Tucker, 137 F.3d 1016, 1029 (8th Cir. 1998). "A district court is required to strike for cause any juror who is shown to lack impartiality or the appearance of impartiality, and, '[a]bsent abuse of discretion, we will not interfere with the District Court's determination of juror qualifications.' " United States v. Elliott, 89 F.3d 1360, 1365 (8th Cir. 1996), cert. denied, 519 U.S. 1118 (1997) (quoting United States v. Tibesar, 894 F.2d 317, 319 (8th Cir.), cert. denied, 498 U.S. 825 (1990)). Moreover, "[t]he district court is given broad discretion in determining whether to strike jurors for cause because it is in the best position to assess the demeanor and credibility of the prospective jurors." Id. (citing United States v. Graves, 5 F.3d 1546, 1554 (5th Cir. 1993), cert. denied, 511 U.S. 1081 (1994)).

Upon examining the record we find no abuse of discretion. A.U. stated that, had he heard counsel's question regarding discrimination in the workplace, he would have raised his hand; thus, there is no reason to believe that A.U. resented anti-discrimination laws. Moreover, the District Court could rationally conclude that A.U.'s revelations about the ex parte order were not material enough to require him to be stricken for cause. This was primarily a case about gender discrimination in the workplace – not domestic abuse. The Court's refusal to exclude a potential juror based on allegations that he physically abused his spouse was within that Court's wide discretion.

B.

Ms. Walzer also claims the Court erred in refusing to grant an evidentiary hearing because of post-trial investigations which revealed additional information about A.U. Ms. Walzer argues that A.U.'s failure to disclose his involvement in prior litigation, as well as his omission of certain facts surrounding the ex parte order, was purposeful concealment. Ms. Walzer argues the Court should have granted her an evidentiary hearing so that she could inquire as to why A.U. did not reveal this information. However, Ms. Walzer contends that due to the passage of time an evidentiary hearing is not a viable option. Therefore she requests a new trial.

In order to obtain a new trial because of concealed juror bias, the moving party must prove that the juror failed to answer honestly a material question on voir dire, and that the correct response would have provided a valid basis for a challenge for cause. " 'The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.' " Tucker, 137 F.3d at 1026 (quoting McDonough, 464 U.S. at 556).

There is no evidence to indicate that Juror A.U.'s responses to plaintiff's questions regarding the ex parte order were dishonest rather than inaccurate. A.U. 's statement that the Court "threw the case out," as opposed to stating that his wife had consented to terminate the order, does not indicate that A.U. wished to deceive the Court. It is not difficult to imagine that a person unskilled in the jargon of legal procedure might interpret the expiration of the order in such a manner.

Equally unpersuasive is Ms. Walzer's contention that A.U. 's failure to disclose his involvement in prior litigation was an attempt to deceive the Court. Assuming A.U.'s omission was dishonest *and* material, there is no reason to believe the disclosure would have provided a valid basis for a challenge for cause. The previous cases in which A.U. had been involved were not sufficiently related to the subject matter of the

present action to require us to reach such a conclusion. In so holding we afford a large measure of deference to the trial judge's judgment in such matters.

C.

Lastly, Ms. Walzer argues that the Court abused its discretion in excluding personnel files of male employees who were not terminated by Saint Joseph even though they had DFS reports and criminal convictions. We are prevented from reaching the merits of this claim, and thus need not address the defendant's contention that those male employees were not situated similarly to this plaintiff.

During pretrial proceedings the Court granted a motion in limine excluding certain personnel files. Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial. Luce v. United States, 469 U.S. 38, 41 (1984). Where a trial judge reserves the right to change her pretrial ruling or guidance on an evidentiary issue during trial, the pretrial ruling is unappealable. United States v. Banks, 687 F.2d 967, 971 (7th Cir. 1982), cert. denied, 459 U.S. 1212 (1983); United States v. Griffin, 818 F.2d 97, 103 (1st Cir.), cert. denied, 484 U.S. 844 (1987).

At trial Ms. Walzer submitted only a written offer of proof containing the files of the male employees the Court had excluded in pretrial proceedings. This offer consisted of a one-page cover sheet with six employee files attached. No oral offer was made. That is, counsel did not call a witness, outside the presence of the jury, and try to establish by him or her the similarity of the six allegedly comparable employees' situations to that of the plaintiff. Saint Joseph contends that the written offer was insufficient because in pretrial proceedings the Court had requested that counsel make an oral offer of the excluded files at trial. At oral argument in this Court, Ms. Walzer pointed to the District Court's pretrial statement that if the evidence at trial was no different from that presented in pretrial motions then Ms. Walzer "could refer back to

this evidentiary hearing and incorporate that into reference -- into it by reference." Defendant's App. 233.

When the above statement is reviewed in isolation it seems to be instructive; however, when the Court's instructions are reviewed in full, the instructions become ambiguous at best. When counsel for the plaintiff asked if she might make a written offer of proof as to the excluded employee files instead of offering oral testimony the exchange proceeded as follows:

> The Court: I think a lot of times you're still going to have to put the witness on the stand, develop their testimony, and then get around to the point of making that offer, having the objection, and then letting me rule. To the extent that you file all of your reasoning and objections and how you want it in some kind of written offer of proof, it really doesn't help the Court very much. I mean, there are frequently things that happen at trial and arguments the parties make, and evidence comes in different than everybody represented to the Court, not intentionally, but just because, you know, we can't control what the witnesses are going to say. And it makes a difference in the Court's ruling. And I'm reluctant to have all of that in writing somewhere in terms of, you know, making sure the right evidence comes in at trial.

> Counsel: Okay.

> The Court: But I can't imagine that it's going to take that long to make, you know, offers of proof with these witnesses.

> Counsel: Well, I could see it with the employee files, that's what was my concern, because we'd have to show all the reasons why they're similarly situated and why they're relevant, and that could be pretty extensive.

The Court: Well, I mean, I think we're going to spend a lot of time here on Friday talking about that, and you know, if the evidence isn't any different at trial, the way it develops, I mean, I would think that we could refer back to this evidentiary hearing and incorporate that into reference – into it by reference.

Defendant's App. 232-33.

In these circumstances, we think counsel was obliged either to make a full and formal offer of proof by live testimony, or to obtain from the District Court a clear statement that a summary written offer would suffice. Neither such event occurred here. Accordingly, we hold that the issue of the admissibility of these six employee files was not properly preserved for review.

The judgment is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.