**Ronald A. HUMMEL, Plaintiff–Appellant,**

v.

**Gerry HURLBERT, et al., Defendants–Appellees.**

No. 04–35386.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2007.*

Filed June 11, 2007.

Jeffrey T. Renz, Esq., Graden Oehlerich Hahn, Esq., University of Montana, Crimi-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

nal Defense Clinic School of Law, Missoula, MT, for Plaintiff–Appellant.

Gary Graham, Esq., Garlington Lohn & Robinson, PLLP, Missoula, MT, for Defendants–Appellees.

Before: PREGERSON and IKUTA, Circuit Judges, and MOSKOWITZ **, District Judge.

### MEMORANDUM ***

Appellant Ronald Hummel appeals from a judgment after trial, and from the district court's order denying a new trial, in his suit under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights. Appellant claims that Defendants, who were officials at the Montana State Prison where he was an inmate, acted with deliberate indifference to a substantial risk of serious harm to him in not responding to threats that Appellant claims to have received from other inmates. In particular, Appellant contends that Defendants took no steps to secure his safety because he refused to provide the names of the threatening inmates.

Appellant claims that the district court erred in: (1) denying Appellant his right to exercise three peremptory challenges by failing to excuse an unqualified juror for cause; and (2) refusing to admit a pre-existing settlement agreement between the United States and the Montana Department of Corrections that specifically stated that prison officials would not require prisoners to immediately name the person who

might be threatening them as a precondition to being moved for their protection. We find that neither of the claims of error have merit.

Appellant's first claim has been squarely addressed and rejected by the Supreme Court in *United States v. Martinez–Salazar*, 528 U.S. 304, 317, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000), which held: "[A] defendant's exercise of peremptory challenges pursuant to [Criminal] Rule 24(b) is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been excused for cause." Like in *Martinez–Salazar*, Appellant claims that he was forced to use one of his peremptory challenges in order to remove a biased prospective juror from the panel when the district court improperly refused to excuse the juror for cause. However, in choosing to remove the juror, rather than taking his chances on appeal from the denial of his for-cause challenge, Appellant did not lose a peremptory challenge. "Rather, he used the challenge in line with a principal reason for peremptories: to help secure the constitutional guarantee of trial by an impartial jury." *Martinez–Salazar*, 528 U.S. at 316, 120 S.Ct. 774.

Although *Martinez–Salazar* was a criminal case, there is no reason why its holding should be any less applicable in civil matters where a defendant's liberty is not at stake. *See Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1111 (8th Cir.2000) (relying on *Martinez–Salazar* in a Title VII action without noting the civil-criminal distinction). Appellant was accorded three peremptory challenges, the exact number Fed.R.Civ.P. 47(b) and 28 U.S.C. § 1870 allowed in this case. Because Appellant

---

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"received precisely what federal law provided; he cannot tenably assert any violation of his Fifth Amendment right to due process." *Martinez–Salazar*, 528 U.S. at 317, 120 S.Ct. 774.

■ Appellant's second claim, regarding the district court's refusal to admit the settlement agreement, is also unavailing. Evidentiary rulings are reviewed for abuse of discretion and require the appellant to establish that the error was prejudicial. *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir.2004). In this case, the district court refused to admit a 1997 settlement agreement between Montana and the United States because a foundation had not been laid establishing that Defendant Hurlbert was aware of the document and of its contents at the time of the events in question. *(See* Tr. 198:25–199:12; SER 53.) That determination was clearly within the district court's discretion because: (1) Appellant had presented no witness who could definitively state that Hurlbert had been instructed as to the contents of the agreement, or was even present when the agreement was discussed; (2) Hurlbert made one ambiguous comment in his deposition that he "probably" read the agreement, though this was made after he had already indicated that he did not know what the agreement was; and (3) when presented with the actual agreement at trial, Hurlbert clearly stated that he had not read it, did not know what the document was, and was unaware of its contents. Defendant is correct when he argues that, while circumstantial evidence may be used to prove a prison official was deliberately indifferent to a substantial risk of harm, *Farmer v. Brennan*, 511 U.S. 825, 842–43, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the mere existence of the settlement agreement is not circumstantial evidence of Hurlbert's knowledge of it.

In addition, Appellant has failed to show how the exclusion of the settlement agreement was prejudicial. "A reviewing court should find prejudice only if it concludes that, more probably than not, the lower court's error tainted the verdict." *Tennison v. Circus Circus Enters.*, 244 F.3d 684, 688 (9th Cir.2001). Appellant's briefing includes no explanation as to how the jury's verdict was tainted by this ruling. Moreover, the district court's refusal to admit the agreement did not prevent Appellant's counsel from simply asking Hurlbert if he was familiar with the relevant provision, even if he had never seen or been briefed on the general contents of the document. He chose not to.

Finally, the settlement agreement only provides that an inmate who expresses serious concerns for his safety "will not be *immediately* required to provide specific names of other inmates, in order to be moved [from his current housing]." (Stipulated Agreement at § I(B)(3); ER 48 (emphasis added).) Appellant does not complain that Hurlbert did not effect an immediate move because of his refusal to name the threatening inmates. Therefore, the provision is inapplicable. As such, any error in not admitting the settlement agreement cannot be deemed prejudicial.

AFFIRMED.