# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2396

_____

United States of America,     *
                                     *

          Appellant,     *

                                     *    Appeal from the United States

    v.                                 *    District Court for the

                                     *    Northern District of Iowa.

Tony Hulstein,                      *

                                     *    [UNPUBLISHED]

          Appellee.      *

_____

Submitted: April 14, 2011
Filed: August 8, 2011

_____

Before RILEY, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

      Tony Hulstein was indicted on one count of dealing firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) and four counts of interstate travel to deal in firearms without a license, in violation of 18 U.S.C. § 924(n). Prior to trial, the Government submitted its exhibit list, which included 460 separate exhibits (Exhibits 1-461) that purportedly documented Hulstein's extensive dealings in firearms. Also in its exhibit list, the Government included a summary exhibit (Exhibit 464) that summarized much of the information contained in Exhibits

1-461. Following two pretrial conferences, the district court[1] entered an order excluding Exhibits 1-461 as needlessly cumulative in light of the fact that the Government planned to introduce Exhibit 464 at trial. The Government appeals, and we exercise our jurisdiction over the interlocutory appeal under 18 U.S.C. § 3731. See United States v. Johnson, 228 F.3d 920, 923-24 (8th Cir. 2000).

As an initial matter, we must clarify the scope of the district court's order. Although the Government argues that the district court's order prohibits it from presenting Exhibits 1-461 at trial, the order does not sweep this broadly. Rather, we read the court's order to exclude Exhibits 1-461 only if Exhibit 464 is also admitted into evidence, in which case Exhibits 1-461 would likely be cumulative and of little help to the jury. In the event that Exhibits 1-461 become material to an issue at trial, however, the district court's order would not prohibit their admission.[2] For example, the order states that if Hulstein objects to the admission of Exhibit 464 "on foundation grounds or otherwise," the district court "could allow *all* of the exhibits summarized in Exhibit 464 if appropriate under the circumstances." This conditional language demonstrates that the district court's order is not as absolute as the Government believes. The district court simply gave no indication that it would continue to exclude Exhibits 1-461 as cumulative should the Government choose not to submit Exhibit 464 or should Exhibit 464 not be admitted. Were the court to do so, the Supreme Court's admonition that the Government be allowed "to prove its case by evidence of its own choice" would likely be implicated. Old Chief v. United States, 519 U.S. 172, 187-89 (1997). But we refuse to infer that the district court has

---

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

[2]Virtually any evidentiary ruling made by a district court in response to a motion in limine is subject to possible change depending on what actually happens at trial. Walzer v. St. Joseph State Hosp., 231 F.3d 1108, 1113 (8th Cir. 2000).

taken such an unusual and drastic step in the absence of any express indication that it has done so.

Reading the district court's order in this manner, the court did not abuse its discretion, United States v. Boesen, 541 F.3d 838, 848 (8th Cir. 2008) (standard of review), in excluding Exhibits 1-461, see Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed . . . by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). The Government's proffered reason for seeking admission for Exhibits 1-461 is that they provide detail about "the devotion of time, attention, and labor [Hulstein] expended to the repetitive purchase and resale of firearms." (Appellant's Br. 11.) But Exhibit 464 also provides significant detail regarding the transactions documented in Exhibits 1-461, such as the date each weapon was purchased or sold; the name, caliber, and model number of each weapon sold; the amount paid for each weapon; and additional explanatory notes relating to each transaction. In light of the depth of information contained in Exhibit 464, the district court did not abuse its discretion in tentatively prohibiting the Government from presenting Exhibits 1-461 in addition to Exhibit 464.

Moreover, we note that although Rule 1006 of the Federal Rules of Evidence specifically allows for the admission of summaries similar to Exhibit 464, we have previously stated that this rule "appears to contemplate . . . that a summary will be admitted instead of, not in addition to, the documents that it summarizes." United States v. Grajales-Montoya, 117 F.3d 356, 361 (8th Cir. 1997). We need not base our decision on this principle, however, because we easily conclude that the district court did not abuse its discretion in excluding Exhibits 1-461 as cumulative. If the Government believes that Exhibits 1-461 are truly invaluable to its case, it remains free to submit these exhibits in lieu of Exhibit 464. What it may not do, however, under the district court's order, is submit Exhibits 1-461 *in addition to* the summary contained in Exhibit 464.

Accordingly, we affirm the order of the district court.

_____