Felix CRUZ Plaintiff–Appellant,

v.

Dr. Barry JORDAN, Vassar Brothers Hospital, Medical Dept., Green Haven CF, New York State Department of Corrections, Green Haven Correctional Facility, #3 "John Doe C.O.", #7 "John Doe P–A.", Mr. A.D. Miller, Ms. Fish–Gerald, Dr. Selwin, Defendants,

Michael PRUSAK, C.O., Dr. Harold Mamis, Michael Coryers, C.O., Dr. John Bendheim, M.D., Defendants–Appellees

Docket No. 02–0359.

United States Court of Appeals, Second Circuit.

Argued Dec. 17, 2003.

Decided Feb. 4, 2004.

Jonathan D. Pressment, Hughes Hubbard & Reed (Daniel H. Weiner, Michael P. Hatzimichalis), New York, N.Y. for Appellant.

Oren L. Zeve, Assistant Solicitor General, of counsel, (Eliot Spitzer, Attorney General of the State of New York, Michael S. Belohlavek, Deputy Solicitor General, of the State of New York), New York, N.Y. for Appellees.

Before: WALKER, Chief Judge, CALABRESI and CABRANES, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Felix Cruz appeals from the district court's November 15, 2002 order denying his motion for a new trial after a jury verdict rejected his claim of deliberate medical indifference pursuant to 42 U.S.C. § 1983 in violation of the Eighth and Fourteenth Amendments against defendants-appellees corrections officers Michael Prusak and Michael Coryers and physicians John Bendheim and Harold Mamis, all employees of the New York State Department of Corrections (collectively, "appellees"). Cruz argues on appeal that a new trial should be ordered because (1) the district court abused its discretion by failing to dismiss a juror for cause and (2) the district court made multiple evidentiary errors that prejudiced Cruz.

The relevant facts can be stated briefly. Cruz, an inmate at Green Haven Correctional Facility, sued numerous defendants—among them, the New York State Department of Corrections ("DOCS")—for deliberate medical indifference. Cruz alleged that the medical care he received during and after hernia surgery on August 22, 1996 caused post-surgical complications, including tremors, and exacerbated a pre-existing back injury.

During *voir dire*, Cruz requested that the court exclude a prospective juror, Juan Irisari, for bias because Irisari was employed by DOCS and casually knew defendant's counsel.[1] The district court refused to presume that Irisari was biased on the basis of his occupation or his passing acquaintance with defense counsel. The district court questioned Irisari further about actual bias and determined that he would be impartial. After the district court refused to exclude the prospective juror for cause, Cruz exercised a peremptory challenge to exclude Irisari as a juror.

We review a district court's rulings regarding dismissal of jurors for abuse of discretion, and reverse only if there is "clear abuse" of the district court's discretion. *United States v. Nelson,* 277 F.3d 164, 202 (2d Cir.2002). The standard for granting a new trial because of a district court's abuse of discretion regarding evidentiary rulings is similarly demanding: "A new trial is warranted if the court's abuse of discretion clearly prejudiced the outcome of the trial. We will grant a new trial only if we are convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Annis v. County of Westchester,* 136 F.3d 239, 247 (2d Cir.1998)(granting a new trial on the issue of damages)(internal quotation marks and citations omitted). Additionally, the trial court "has wide discretion in controlling the admissibility of testimony and other evidence, and, absent a demonstration of abuse of discretion, its rulings will not be disturbed." *Zahra v. Town of Southold,*

---

1. It is undisputed that Irisari was not employed at the Green Haven Correctional Facility, the prison where Cruz was incarcerated at the time of his alleged injuries.

48 F.3d 674, 686 (2d Cir.1995) (citations omitted); *see also, United States v. DiDomenico,* 985 F.2d 1159, 1163 (2d Cir.1993)(Appellate court will only reverse district court's determination on expert testimony if "manifestly erroneous"). Where a party has failed to preserve its objection to the admission of evidence, we review for plain error to determine whether the evidentiary ruling "resulted in a miscarriage of justice or is an obvious instance of misapplied law." *Caruolo v. John Crane, Inc.,* 226 F.3d 46, 55 (2d Cir.2000)(internal quotation marks and citations omitted).

As to the failure to dismiss the prospective juror for cause, Cruz argues that the district court should have presumed bias, and, as a result, Cruz was *per se* entitled to that juror's dismissal. Alternatively, Cruz argues that the district court abused its discretion because it should have found actual bias. Cruz further contends that he was prejudiced by the district court's refusal to remove the juror for cause, in that he was forced to expend one of his peremptory challenges.

■ Upon review of the record below, we find no error with the district court's failure to dismiss the prospective juror. Cruz made no showing that the juror was actually biased, and the only substantial ground for presumptive bias was a similar employment history to that of the defendants. We have consistently rejected that ground as an adequate basis for presumptive bias. *See United States v. Torres,* 128 F.3d 38, 46 (2d Cir.1997); *United States v. Brown,* 644 F.2d 101, 104 (2d Cir.1981); *Mikus v. United States,* 433 F.2d 719 (2d Cir.1970).

Moreover, even if the district court had erred by refusing to dismiss a biased juror for cause, Cruz's claim would likely fail, because Cruz has not sufficiently alleged that he was injured by such an error. Though he claims that he was injured by the loss of a statutorily guaranteed peremptory strike, the Supreme Court has made clear, at least in the criminal context, that a party's use of a peremptory strike to cure a court's erroneous failure to dismiss a juror "for cause" effects neither a constitutional nor a rule-based deprivation, as long as the jury eventually empaneled is impartial. *United States v. Martinez–Salazar,* 528 U.S. 304, 311, 313, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000); *see also Ross v. Oklahoma,* 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). Applying *Martinez–Salazar* would be fatal to Cruz's claim.

Although the applicability of *Martinez–Salazar* to civil cases has not been settled in this Circuit, other Circuits have held that the civil-criminal distinction has no relevance in this context. *See Thompson v. Altheimer & Gray,* 248 F.3d 621, 623–24 (7th Cir.2001) (applying *Martinez–Salazar* in a Title VII context, and parenthetically noting "*Martinez–Salazar* was a criminal case but we cannot think of any difference which that would make."); *Walzer v. St. Joseph State Hosp.,* 231 F.3d 1108, 1111 (8th Cir.2000) (upholding *Martinez–Salazar* in a Title VII action without noting the civil-criminal distinction). Like the Seventh Circuit, we see no reason why *Martinez–Salazar* would not apply to Cruz's civil claim, but because there exists an independent ground for dismissal in this case, we leave ultimate resolution of this issue to another day.

As to the evidentiary rulings, Cruz contends that the district court abused its discretion because (1) the district court did not permit him to cross-examine one of his witnesses as an adverse party; (2) the district court excluded evidence of appellees' expert witnesses' prior inconsistent statements; (3) the district court precluded Cruz's expert witness from testifying about Reflex Sympathetic Dystrophy ("RSD"); (4) the district court excluded

evidence of prior bad acts of appellees Prusak and Coryer; (5) the district court prohibited Cruz's expert from introducing into the record medical reports that were the basis of his opinion; (6) the district court permitted appellees' expert, Dr. Selwin, who was not qualified in neurology, to state his belief that Cruz's tremors were not involuntary; and (7) the district court allowed into evidence Cruz's entire medical record under Fed.R.Evid. 806(3) without sufficient indicia of trustworthiness.

■ We find no error, much less "manifest error," in any of the district court's evidentiary rulings. In any event, Cruz was not prejudiced by the district court's rulings because he failed to adduce sufficient evidence that any of the appellees caused the physical injuries of which he complains.

## CONCLUSION

We affirm the judgment of the district court.