12-1606-cv
Taylor v. Stratton Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand thirteen.

Present:
> BARRINGTON D. PARKER, JR.,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> MIRIAM GOLDMAN CEDARBAUM,
> > *District Judge.*\*

---

SARAH LAMONT TAYLOR,

> *Plaintiff-Appellant*,

> v.                                                          No.  12-1606-cv

THE STRATTON CORPORATION,
DBA STRATTON MOUNTAIN RESORT,

> *Defendant-Appellee,*

INTRAWEST ULC,
> *Defendant*.

---

\* The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellant:       TODD D. SCHLOSSBERG, Law Office of Todd D. Schlossberg, Burlington, VT.

For Defendant-Appellee:        JOHN A. SERAFINO, Ryan, Smith, & Carbine, LTD., Rutland, VT.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Plaintiff-Appellant Sarah Taylor appeals from a March 20, 2012, judgment entered by the District of Vermont (Sessions, *J.*) following a jury verdict in favor of Defendant-Appellee Stratton Corporation ("Stratton"). Taylor sued Stratton, which operates a ski resort in Vermont, under a theory of negligence on December 29, 2009. Taylor alleged that Stratton negligently failed to fill a drainage ditch with snow and failed to mark the hazard adequately, causing her to fall and seriously injure her leg while skiing. The jury concluded that Stratton was negligent and that its negligence was a proximate cause of Taylor's injuries, but it also concluded that Taylor was negligent and allocated 51 percent of the fault to her. Under Vermont's modified comparative negligence statute, a plaintiff cannot recover if he or she is more than 50 percent at fault. *See* Vt. Stat. Ann. tit. 12, § 1036. Therefore, the jury found that Stratton was not liable for Taylor's injuries.

On appeal, Taylor argues that the district court erred by (1) admitting into evidence a ski lift ticket that warns skiers that they assume the risks of injury; (2) refusing to allow plaintiff's counsel to use the word "insurance" when cross-examining a defense expert witness who at one time worked in the ski insurance industry; (3) limiting plaintiff's counsel's questioning during

*voir dire* to half an hour; and (4) failing to remove a prospective juror for cause. We assume the parties' familiarity with the facts, procedural history of the case, and issues on appeal.

Taylor argues that the district court improperly admitted the lift ticket for three reasons: (1) there was insufficient proof that the language was the same as the language on the ticket when Taylor had her accident; (2) it was irrelevant because it did not warn skiers of specific types of hazards and did not instruct them of their duties; and (3) it constituted a violation of public policy under Vermont law. We review a district court's evidentiary rulings for abuse of discretion. *Provost v. City of Newburgh*, 262 F.3d 146, 163 (2d Cir. 2001). However, we generally review a claim of error only if "a timely objection . . . appears [on the] record, stating the *specific ground* of objection." *United States v. Carson*, 52 F.3d 1173, 1187 (2d Cir. 1995) (emphasis added); *see also* Fed. R. Evid. 103(a)(1).[1] Taylor objected to the admission of the ticket only on the first ground during the trial,[2] and we do not believe that the district court abused its discretion in admitting the ticket over that particular objection. In fact, a Stratton employee testified that the current language on the ticket was substantially similar to the past language.

We may vacate the verdict on one of Taylor's other asserted grounds only if the admission of the ticket constituted "plain error." *See Carson*, 52 F.3d at 1188. We have

---

[1] *See also* 9B Wright & Miller, *Federal Practice and Procedure* § 2473 (3d ed. 2012) ("Objections to the admission of evidence must be of such a specific character as to indicate distinctly the grounds upon which the party relies, so as to give the other side full opportunity to obviate them at the time . . . .") (quoting *Noonan v. Caledonia Gold Mining Co.*, 121 U.S. 393, 400 (1887)).

[2] Taylor argues that she made a general "relevancy" objection that could encompass all of her arguments on appeal, but her counsel never even mentioned the word "relevance" when asserting his objection.

3

"[o]ccasionally" been "willing to apply the plain error doctrine" to evidentiary issues in civil cases but only "where the error [is] so serious and flagrant that it goes to the very integrity of the trial." *Id.* (internal quotation marks omitted). We may, but are not required to, vacate a verdict based on plain error if the appellant can show: (1) an error; (2) that is obvious; (3) that affects the party's substantial rights, and (4) seriously affects the fairness, integrity, or the public reputation of the judicial proceeding. *United States v. Deandrade*, 600 F.3d 115, 119 (2d Cir. 2010). The district court did not commit any obvious error in admitting the lift ticket. It was well within its discretion to determine that the language on the ticket was relevant to show the precautions Stratton used to warn skiers about the need to ski carefully. Although the Vermont Supreme Court held that it violated public policy for a ski resort to use similar language as a binding release that would legally shift all responsibility to a skier, *see Dalury v. S-K-I, Ltd.*, 670 A.2d 795, 799 (Vt. 1995), Stratton did not attempt to use the language on the lift ticket in this manner.

Even if the lift ticket was admissible, Taylor contends that the district court erred by admitting the ticket without a limiting instruction explaining to the jury that the document could not shift legal responsibility to the plaintiff. Taylor did not request a limiting instruction and, therefore, waived her claim that one was needed. *See Barrett v. Orange Cnty. Human Rights Comm'n*, 194 F.3d 341, 348 n.1 (2d Cir. 1999). Nevertheless, she argues that the district court's failure to issue a limiting instruction *sua sponte* was plain error. Although Taylor does not cite any cases in which we have applied the plain error doctrine to the failure to provide a *sua sponte* limiting instruction in a civil case, we have reviewed such a failure for plain error in criminal cases. *See Deandrade*, 600 F.3d at 119. We need not decide whether to apply plain error review here, however, because Taylor cannot demonstrate that any error affected her substantial rights.

4

An error will only affect a party's substantial rights if it is "prejudicial," *Bennett v. United States*, 663 F.3d 71, 88 (2d Cir. 2011), which, in the context of a civil case, means if "it is *likely* that in some material respect the factfinder's judgment was swayed by the error," *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997) (emphasis added) (internal quotation marks omitted). Although it is possible that the jury would have reached a different result if it had been given a limiting instruction, we cannot conclude that it is "likely." The jury was entitled to credit the expert testimony of Mark Petrozzi that Taylor should have known to go the other way around the bamboo warning pole, and it was also entitled to believe the testimony of the ski patroller who first encountered Taylor after her accident and reported that Taylor said she was skiing "fast" and skied onto "ungroomed terrain."

Our decision in *Pitasi v. Stratton Corp.*, 968 F.2d 1558, 1562-63 (2d Cir. 1992), is not to the contrary. Although we vacated the jury verdict in *Pitasi* because the district court failed to instruct the jury about the legal effect of similar language in a signed release, in that case we were not applying the heightened standard of plain error review. Moreover, the legal effect of the waiver language was an "essential" issue in that case because the defendant apparently argued that the release operated as a complete bar to the plaintiff's recovery. *See id.* We were not, therefore, concerned about the court's failure to give a "limiting" instruction but rather its failure to provide *any* instructions on a central, "potentially dispositive," issue. *Id.* at 1563. The language on the lift ticket was of far less importance in this case. In fact, neither party mentioned the ticket again after it was introduced. Any error by the district court here was simply not "so serious and flagrant" to warrant reversal under the plain error standard. *See Carson*, 52 F.3d at 1188.

5

Taylor's remaining arguments are also without merit. The district court was well within its discretion in refusing to allow any direct reference to the insurance industry during cross-examination of Petrozzi. The plaintiff had a full opportunity to elicit testimony about Petrozzi's extensive ties to the ski industry and his involvement in defending ski resorts from personal injury and negligence lawsuits. Even without any explicit mention of the term "insurance," the jury had more than enough information about Petrozzi's potential biases.

The district court similarly did not abuse its discretion in refusing to permit a full hour for plaintiff's counsel to question the venire panel. *See United States v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002) (holding that a district court's decisions concerning how to conduct *voir dire* are reviewed for abuse of discretion). Although the district court's standard practice was to allow each side only ten minutes for *voir dire* questioning, it nevertheless made an exception and afforded the plaintiff approximately thirty minutes. Upon an independent review of the *voir dire* transcript, we agree with the district court that the plaintiff had more than sufficient time to explore the potential biases of the prospective jurors.

Lastly, the district court did not err by rejecting Taylor's challenge for cause of prospective juror J.M.[1] "There are few aspects of a jury trial where we would be less inclined to disturb a trial judge's exercise of discretion, absent clear abuse, than in ruling on challenges for cause in the empanelling of a jury." *United States v. Ploof*, 464 F.2d 116, 118 n.4 (2d Cir. 1972). This is "especially true" when analyzing claims of "actual bias" because those findings are "based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province." *Nelson*, 277 F.3d at 201 (quoting *Wainwright v. Witt*, 469 U.S. 412, 428 (1985)). We

---

[1] We have abbreviated the name of the prospective juror because the district court sealed the *voir dire* transcript.

see no abuse of discretion in the district court's ultimate conclusion that J.M. could render an impartial verdict. Recognizing that the district court personally witnessed the *voir dire* proceedings, we also defer to its instinct that many jurors may have said they were leaning toward the ski area because plaintiff's counsel minimized the merits of his client's case and, instead, put the case in the best perspective of the ski area.[2]

We have considered all of Taylor's arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] Because we conclude that the district court did not abuse its discretion by failing to remove J.M. from the jury pool, we need not decide whether the plaintiff would have been prejudiced by the error even though she exercised a peremptory challenge and J.M. did not sit on the jury. *See Cruz v. Jordan*, 357 F.3d 269, 271 (2d Cir. 2004) (leaving open the question of whether to extend to the civil context the Supreme Court's decision that a peremptory challenge can "cure" a court's failure to remove a juror for cause in a criminal case as long as the eventually empaneled jury was impartial).